LUNDT and others, Respondents, vs. SCHOOL BOARD OF JOINT SCHOOL DISTRICT No. 1, CITY OF CLINTONVILLE and certain towns, and others, Appellants.

*November 4—December 3, 1957.*

For the appellants there was a brief by *Zwickey & Zwickey* of Clintonville, and *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *David L. Fulton* and *A. Don Zwickey*.

For the respondents there was a brief and oral argument by *Gerald D. Lorge* of Bear Creek, and *Edgar E. Becker* of Appleton.

FAIRCHILD, J.  The order of the joint county school committee was issued under sec. 40.03 (1), Stats., which provides that "orders of the committee providing for the reorganization of school districts shall not take effect until July 1st following the recording of the order."

The order of the Clintonville Board was issued under sec. 40.075, Stats. 1955 (repealed by ch. 537, Laws of 1957), providing as follows:

"40.075 ANNEXATION TO COMMON SCHOOL DISTRICTS OPERATING HIGH SCHOOLS. Territory not in but adjoining a district which holds an annual meeting and operates grades 1 to 12 may be annexed thereto upon a petition therefor presented to the board of such common school district signed by 10 per cent of the electors in such adjacent territory. If the board approves the petition, the matter shall be submitted by said board to a meeting of the electors of said territory held in accordance with the provisions of sec. 40.14 (2). If a majority of the electors present at said meeting are in favor thereof, said territory shall thereby be annexed. The board shall issue an order to that effect, copies of which shall be filed as provided in sec. 40.03 (3). *If the school of the area to be annexed is in session, the order shall take effect on the next July 1st. If the school is not in session, the order shall take effect at once.* Any order of the school board to which attachment is made shall be presumptive evidence of the facts recited therein, and of the validity of all proceedings preliminary thereto." (Emphasis supplied.)

Competition between statutory proceedings which cannot both succeed has been resolved by a rule that "the movement first started has the right of way." *In re Incorporation of Village of St. Francis* (1932), 208 Wis. 431, 434, 243 N. W. 315. There a proceeding was started for annexation of certain territory by Milwaukee. On April 20, 1931, an annexation ordinance was adopted, which, by virtue of statute, would complete the annexation ninety days after passage. On May 1st, an application was made for incorporation of the village of St. Francis, including the area to be annexed and other territory. This court decided that the incorporation proceeding must fail because it deemed that the legislature did not intend that the procedure it had provided for in-

corporation should be used to defeat the procedure it had made available for annexation.

In *Oak Park School Dist. v. Callahan* (1944), 246 Wis. 144, 16 N. W. (2d) 395, this court dealt with competition between statutory alteration of a school district by a town board and statutory attachment of a school district of a certain class by the state superintendent. The town board had given a required notice of its intention to consider alteration of the district before the state superintendent issued an order attaching it to another. This court decided that the state superintendent had no power to act after the town board gave its notice.

Appellant urges us to hold that the legislature intended that an order under sec. 40.075, Stats., should go into effect on the date prescribed by the legislature notwithstanding the earlier issuance of a county school-committee order. We see nothing in the statute from which to glean such intent or which compels a departure from the theory of the *St. Francis* and *Oak Park* decisions. Sec. 40.03 (1) and sec. 40.075 each have a provision determining the date upon which an order is to go into effect. It is apparent that the purpose of both these provisions is to avoid the disruption which results when districts are altered while school is in session. It is true that the provision in sec. 40.075 had greater flexibility because an order entered during the summer vacation could go into effect immediately, but this does not amount to a declaration that such an order shall take precedence over a school-committee order previously entered.

Appellant directs our attention to an opinion of the attorney general, 44 Op. Atty. Gen. 54, rendered to the senate at its request March 23, 1955, some two months before introduction of the bill which became ch. 554, Laws of 1955, and sec. 40.075, Stats. 1955. It appeared that a joint school

committee made an order July 7, 1953, attaching certain territory in Joint School District No. 1 to Joint School District No. 3, effective July 1, 1954. On August 19, 1953, by proceeding authorized by sec. 40.07, Joint School District No. 1 and certain others were consolidated into a new district, which happens to be the Bear Creek District involved in the instant case. The attorney general's opinion was that the territory which the school-committee order would have detached from Joint No. 1 as of July 1, 1954, was no longer in Joint No. 1 at that date because Joint No. 1 had been consolidated and had ceased to exist on August 19th. Appellant asserts that since this opinion did not accord precedence to a school-committee order which had not become effective and since this opinion was received by the senate, sec. 40.075 must have been enacted with that construction of sec. 40.03 (1) in mind.

We do not agree. Whether correct or not, the attorney general's opinion dealt with sec. 40.07, Stats., under which a consolidation becomes effective as soon as the proceeding is completed and the consolidated district organized. The same is not true of sec. 40.075 except for orders issued when school is not in session. We are unable to read a legislative preference for a proceeding under sec. 40.075 out of the provision which delays effectiveness until July 1st, unless the order is issued during the summer vacation. If the legislature intended to permit a proceeding under sec. 40.075 to defeat a school-committee order it would have said so. If it were really intended that an order under sec. 40.075 take precedence over a school-committee order previously entered, there would be no conceivable reason for providing that an order entered during the school session would not take precedence, but one entered during vacation would do so.

*By the Court.*—Judgment affirmed.