PALMER, Respondent, v. SAWYER COUNTY SCHOOL COM-
MITTEE, Appellant.

*May 6—June 2, 1959.*

For the appellant there was a brief and oral argument by *Terence N. Hickey,* district attorney.

For the respondent there was a brief and oral argument by *Quentin Johnson* of Hayward.

CURRIE, J. The issue on this appeal is whether the pending of an appeal to the circuit court from an order of a county school committee reorganizing school districts pre-empts the field, so as to bar a proceeding under sec. 40.06, Stats., by the governing boards of municipalities for reorganizing one of the districts affected by such order, if such order is ultimately determined by the circuit court on such appeal to be void?

The appellant county school committee maintains that such undecided pending appeal does pre-empt the field. On the other hand, the respondent Palmer contends that there was no pre-emption for two reasons: (1) A void order of a county school committee is a nullity and can create no pre-emption because the committee lacked jurisdiction to enter it; and (2) if the county school committee ever did have jurisdiction, the same ended with the taking of the appeal so that thereafter there was no pre-emption.

The facts are these: On September 9, 1957, the county school committee entered an order which dissolved two existing school districts, one located in the town of Winter and the other in the town of Meadowbrook, and created a new joint school district. The respondent Palmer, an elector of the town of Meadowbrook, on October 8, 1957, appealed

from such order to the circuit court. Before the circuit court heard and determined such appeal, Palmer on June 5, 1958, filed a petition with the clerk of the village of Exeland, pursuant to sec. 40.06, Stats., to detach certain territory located in the town of Meadowbrook, which was formerly a part of one of the districts attempted to be dissolved by the order of September 9, 1957, and attach such territory to a joint district in which is located the village of Exeland. On June 13, 1958, the circuit court entered an order vacating the county school committee order of September 9, 1957, as being void.[1] Thereafter, one Hartz, an elector of the town of Meadowbrook filed a petition with the clerk of the county school committee on June 17, 1958, requesting action in accordance with secs. 40.025 and 40.03, to dissolve the district located in such town, which was embraced in the void order of September 9, 1957, and attach the territory of such district to joint school district No. 1, towns of Winter, Draper, and Ojibwa, Sawyer county. The county school committee, following a hearing held on the Hartz petition, on July 1, 1958, entered an order as prayed for in such petition, the same to be effective August 4, 1958. Palmer appealed to the circuit court from such order of July 1, 1958. The circuit court then entered the order which is the subject of the instant appeal to this court vacating such order of July 1, 1958.

---

[1] The ground for such holding was that at the time the county school committee initiated the reorganization proceeding which resulted in its order of September 9, 1957, there had not been filed with the committee a certification of the official canvass of the results of a referendum wherein a prior reorganization order affecting the same territory embraced in the order of September 9, 1957, had been defeated. The referendum had been held August 27, 1957; the new proceedings were initiated August 28, 1957; and the certification of such official canvass was not filed with the committee until August 31, 1957.

The circuit court filed no memorandum decision explaining the ground upon which such order of July 1, 1958, was invalidated. Apparently the ground upon which the circuit court vacated the county school committee order of July 1, 1958, was that, when Hartz filed his petition with the clerk of the county school committee on June 17, 1958, the field had already been pre-empted by the prior filing of the Palmer petition on June 5, 1958, with the clerk of the village of Exeland. However, at the time the Palmer petition was filed the circuit court had not heard and determined the pending appeal from the county school committee order of September 9, 1957. Therefore, the circuit court must have concluded that the pending of such appeal did not pre-empt the field.

Sec. 40.03, Stats., authorizes a county school committee to reorganize school districts, while sec. 40.06 also confers such power upon the governing bodies of towns, villages, and cities. Great confusion would result if one method were permitted to be employed during the pendency of steps taken to reorganize a school district under the other method. In *Lundt v. School Board* (1957), 2 Wis. (2d) 263, 86 N. W. (2d) 452, we were confronted with a conflict between proceedings for reorganization by a county school committee and an annexation of territory to a school district operating a high school pursuant to sec. 40.075, Stats. 1955, where the action is by the board of such district. However, we consider what was there said with respect to such conflict is apposite of the conflict confronting us on the instant appeal. We quote from our opinion in the *Lundt Case* as follows (p. 266):

"Competition between statutory proceedings which cannot both succeed has been resolved by a rule that 'the movement first started has the right of way.' *In re Incorporation of Village of St. Francis* (1932), 208 Wis. 431, 434, 243 N. W. 315."

However, the 1957 legislature enacted sec. 40.025 (1) (c), Stats., by which the order of a county school committee reorganizing a school district pre-empts the field and precludes a reorganization proceeding initiated before the governing body of a town, village, or city pursuant to sec. 40.06. Sec. 40.025 (1) (c) provides as follows:

"Jurisdiction, when acquired as prescribed in pars. (a) and (b), continues until the reorganization authority disposes of the matter before it, unless lost as provided in par. (d). When the making of a reorganization order is pending before a reorganization authority or such order has been made, any other reorganization proceeding or order made by that or any other reorganization authority, after jurisdiction has been acquired as provided in par. (a) or (b) and prior to the going into effect of an order made and filed pursuant thereto, pertaining to all or any part of the territory included in the order, is void."

A copy of the county school committee order of September 9, 1957, is not included in the record, and the agreed statement of facts does not state the effective date of such order. In any event, the appeal from such order to the circuit court by Palmer stayed the effective date of the same until the circuit court made and filed its final determination of the appeal. Sec. 40.025 (5), Stats. Such final determination had not been made when Palmer filed his petition with the clerk of the village of Exeland on June 5, 1958. Sec. 40.025 (4) expressly provides that a reorganization order of a county school committee *"shall be presumptive evidence of the facts recited therein and of the validity of all proceedings preliminary thereto."* We are of the opinion that such presumption of validity continues until such time as there is a court determination to the contrary as a result of the initiation of a proper direct proceeding of attack.

The crucial question on this appeal is whether the voiding of such an order by a court rebuts such statutory pre-

sumption of validity retrospectively so as to validate another proceeding which had been instituted in the meantime before another reorganization authority. We determine that it does not. We cannot envisage that the legislature would intend the chaos which would likely result from a contrary holding. For example, under the statutory interpretation contended for by Palmer, if he had filed his petition with the village clerk eight months earlier than he did and the governing boards of the affected municipalities had entered the order of reorganization prayed for, the validity of such order would be contingent upon the outcome of the appeal taken by Palmer from the county school committee order of September 9, 1957. In the meantime, the affected districts would be left in a quandary as to how many teachers to hire for the ensuing year and what changes in the physical plant would be required. The uncertainty created by the appeal from the original order of September 9, 1957, is bad enough without compounding the situation by permitting another reorganization authority to step in and make still another order of uncertain outcome affecting another district not involved in the pending appeal.

Palmer places great reliance upon sec. 40.025 (1) (d) 8, Stats., which provides that the jurisdiction of the county school committee is lost upon the perfection of an appeal to the circuit court. Merely because this statute provides that the reorganization authority, which had entered an order of reorganization, loses its jurisdiction to act pending the appeal, does not mean that another reorganization authority, such as a village board, may enter the picture and make a conflicting order before such appeal has been determined by the court.

It is our considered judgment that the governing boards of the affected municipalities were precluded from acting upon Palmer's petition of June 5, 1958, because of the pendency of his undetermined appeal from the order of

September 9, 1957. It necessarily follows that such petition conferred no jurisdiction upon such governing boards. Therefore, when the Hartz petition was filed with the county school committee on June 17, 1958, there was no prior reorganization proceeding pending which would preclude the committee acting upon the Hartz petition.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment affirming the validity of the Sawyer County School Committee order made on July 1, 1958.

MARTIN, C. J., took no part.