SCHOOL DISTRICT No. 3 OF TOWN OF FORT WINNEBAGO and others, Appellants, v. HARDING, City Clerk, and others, Respondents.

*March 9—April 5, 1960.*

For the appellants there were briefs by *Bogue & Sanderson* of Portage, and oral argument by *David Bogue*.

For the respondents there was a brief by *Ela, Christianson, Ela, Esch, Hart & Clark* of Madison, and oral argument by *James F. Clark*.

BROADFOOT, J.  There has been some confusion with reference to the reorganization of school districts and the alteration of school-district boundaries. This is due in part to the fact that there are several methods provided

in the statutes for accomplishing the result. The two methods most commonly resorted to are by petition to the county school committee or to the governing bodies of towns, villages, or cities. It is also due in part to the fact that frequent amendments of the applicable statutes have been made by the legislature.

For our determination of the present case we are referred to the 1957 statutes, and references herein to secs. 40.025, 40.03, and 40.06 will be to the statutes of that year. Even though the events giving rise to this action occurred in 1959 no reference is made by any party to any enactment of the 1959 legislature that would affect the result.

Sec. 40.03, Stats., provides for reorganization of school districts by county school committees and sec. 40.06 deals with reorganization of school districts by governing bodies of towns, villages, and cities. The petitions here involved were filed under both sections. Sec. 40.025 deals generally with the jurisdiction of a reorganization authority other than the state superintendent, and the filing and mailing of orders.

It was the opinion of the trial court that the appeals taken from orders No. 1 and No. 2 entered by the county school committee constituted undetermined appeals until the judgments determining the same were signed by the court and filed with the clerk of the circuit court for Columbia county. The trial court based his opinion upon the provisions of sec. 40.025, Stats., and also upon the decision of this court in the case of *Palmer v. Sawyer County School Comm.* 7 Wis. (2d) 437, 96 N. W. (2d) 810.

In the *Palmer Case,* the Sawyer county school committee entered an order which dissolved two existing school districts and created a new joint school district. Palmer appealed to the circuit court for Sawyer county from such order. Before the circuit court heard and determined such

appeal, Palmer filed a petition with the clerk of the village of Exeland pursuant to sec. 40.06, Stats., to detach certain territory from one of said districts and attach the same to a joint school district in which the village of Exeland was located. After the order of the circuit court had been duly entered vacating the county school committee order, one Hartz filed a petition with the clerk of the county school committee affecting the same territory. The county school committee, following a hearing on the Hartz petition, entered an order as prayed for and Palmer appealed to the circuit court from such order. The circuit court held that the Palmer petition gave the municipal boards jurisdiction, but we reversed. We determined that the appeal from the original order of the county school committee pre-empted the field and barred the proceeding by Palmer under sec. 40.06 and stated that the appeal to the circuit court by Palmer stayed the effective date of the order until the circuit court made and filed its final determination of the appeal. Therefore Palmer's petition filed during the pendency of his undetermined appeal conferred no jurisdiction upon the municipal boards. Thus when the Hartz petition was filed, there was no valid prior reorganization proceeding pending which would preclude the committee from acting upon his petition.

Our decision in the *Palmer Case* was based upon two provisions found in sec. 40.025, Stats. Sub. (1) (c) of said section reads as follows:

"Jurisdiction, when acquired as prescribed in pars. (a) and (b), continues until the reorganization authority disposes of the matter before it, unless lost as provided in par. (d). When the making of a reorganization order is pending before a reorganization authority or such order has been made, any other reorganization proceeding or order made by that or any other reorganization authority,

after jurisdiction has been acquired as provided in par. (a) or (b) and prior to the going into effect of an order made and filed pursuant thereto, pertaining to all or any part of the territory included in the order, is void."

One sentence of sub. (5) thereof reads as follows:

"An appeal taken from any order shall stay said order until the appeal has been determined and the result of the final determination made and filed."

Sub. (1) (c) above was quoted in the *Palmer* decision and sub. (5) was referred to therein. In the *Palmer Case* we held, on the basis of those two statutory provisions, that when there was a reorganization order by the county school committee, that pre-empted the field and precluded any other reorganization proceeding from being validly initiated until the circuit court made and filed its final determination of the appeal from the order. The trial court, in its decision in the present action, quoted extensively from the *Palmer Case* and cited the two statutory provisions.

The plaintiffs contend that the judgments declaring the prior orders of the county school committee to be invalid were complete when signed by the circuit court judge. It is true that the signing of the judgments completed the judicial act of the court. The filing or entry of the judgment was a ministerial act by the clerk of court. Sub. (1) (c) above places continuing jurisdiction in the reorganization authority acting thereon at all times prior to the going into effect of an order made and filed pursuant to statute and pre-empts the field until the effective date of the order. The sentence from sub. (5) above quoted stays the effective date of said order until the appeal has been determined and the result of the final determination made and filed.

The construction given to the above provisions in sec. 40.025, Stats., in the *Palmer Case* and here is based upon

the legislative intent as therein expressed. There must be a time before which competing reorganization proceedings cannot be commenced. This time should be one that is readily ascertainable. Regardless of the method pursued, orders affecting school-district reorganization are to be filed in the office of the county superintendent of schools, who is also secretary of the county school committee. In cases of appeals to the circuit court, the final determination upon the appeal is filed with the clerk of the circuit court. Thus any person desiring to file a petition for school-district reorganization can, by our interpretation of the statute, ascertain by inquiry at the county seat whether a petition can be validly filed or whether there has been a pre-emption by a prior proceeding. This, we believe, will make for less confusion and more-orderly procedures.

In their reply brief the plaintiffs call attention to the fact that the judgment invalidating the second order of the county school committee was signed by the judge on August 5th at Fond du Lac and immediately handed to the clerk of the circuit court for Fond du Lac county. He in turn mailed the same to the clerk of the circuit court for Columbia county. Plaintiffs contend that when the judge handed the judgment to the clerk of court at Fond du Lac that constituted a filing of the same. It is argued that the two counties are within the same circuit and that the term at Fond du Lac was a special term of the circuit court for Columbia county. We cannot agree with that contention. A filing in Fond du Lac county would not give proper notice to the electors of the four school districts. Residents of one county should not be required to inquire of the clerk of court in each county comprising a circuit (in this instance five) to see whether or not the circuit judge had signed and filed an order or judgment affecting their school district. We can only conclude that the legislature intended that the

filing should be with the clerk of the circuit court to which the appeal was directed—in this case, Columbia county.

By following the provisions of sec. 40.025, Stats., and our decision in the *Palmer Case,* the trial court properly determined the validity of the different petitions requesting school-district reorganization.

*By the Court.*—Judgment affirmed.