BALSON and others, Respondents, v. JOINT COUNTY SCHOOL COMMITTEE OF FOND DU LAC COUNTY AND SHEBOYGAN COUNTY, Respondent: KRAMER and others, Intervenors and Appellants.*

*January 10—February 5, 1963.*

* Motion for rehearing denied, with $25 costs, on April 2, 1963.

For the appellants there was a brief and oral argument by *Eugene A. Bitters* of Ripon.

For the respondents Charles Balson and others there was a brief and oral argument by *John William Calhoun* of Fond du Lac.

For the respondent Joint County School Committee of Fond du Lac county and Sheboygan county there was a brief and oral argument by *Frederick K. Foster,* corporation counsel of Fond du Lac county.

FAIRCHILD, J.   Appellants contend that the order of the joint committee is valid because it did not affect School District No. 11, town of Calumet. They recognize that, "Competition between statutory proceedings which cannot both succeed has been resolved by a rule that 'the movement first

started has the right of way.' " [1] They argue, however, in effect, that by omitting School District No. 11 from the order of November 20th, the joint committee has yielded the right-of-way to the proceeding before the municipal boards.

In our view, however, the matter is controlled by the provisions of sec. 40.025 (1), Stats., created by ch. 536, Laws of 1957, dealing with competition between school-district-reorganization proceedings pertaining to the same territory.[2]

Sec. 40.025 (1) (c), Stats., provides:

"Jurisdiction, when acquired as prescribed in pars. (a) and (b), continues until the reorganization authority disposes of the matter before it, unless lost as provided in par. (d). When the making of a reorganization order is pending before a reorganization authority or such order has been made, any other reorganization proceeding or order made by that or any other reorganization authority, after jurisdiction has been acquired as provided in par. (a) or (b) and prior to the going into effect of an order made and filed pursuant thereto, pertaining to all or any part of the territory included in the order, is void."

The quoted paragraph makes it clear that the proceeding commenced on October 21st by petition filed with the joint committee was void because it pertained to School District No. 11, as to which jurisdiction had already been acquired by the council of the city of New Holstein and the boards of other municipalities involved in that proceeding.[3] The statute declares the second proceeding void if it pertains to territory involved in the first proceeding, whether or not the order is-

---

[1] *Lundt v. School Board* (1957), 2 Wis. (2d) 263, 266, 86 N. W. (2d) 452; *In re Incorporation of Village of St. Francis* (1932), 208 Wis. 431, 434, 243 N. W. 315.

[2] This statute has been applied in *Palmer v. Sawyer County School Comm.* (1959), 7 Wis. (2d) 437, 96 N. W. (2d) 810, and *School Dist. v. Harding* (1960), 10 Wis. (2d) 122, 102 N. W. (2d) 97.

[3] Municipal boards, acting under sec. 40.06, Stats., are reorganization authorities under sec. 40.01 (12).

sued in the second proceeding affects the territory involved in the first proceeding.

Further portions of sec. 40.025 (1), Stats., deal with the specific situations where the first proceeding results in an order of denial (par. (d) 2), in a decision to deny, but failure to file an order (par. (d) 3), or failure to make an order of reorganization within sixty days (par. (d) 6a). These portions also support the view that when a proceeding pertains to certain territory a second proceeding commenced within specified time limits and pertaining to the same territory is void.

*By the Court.*—Judgment affirmed.

* Motion for rehearing denied, with $25 costs, on April 2, 1963.