Ford and others, Appellants, v. Rothwell, State Super-
intendent of Public Instruction, Respondent.

*February 7—March 3, 1964.*

For the appellants there was a brief and oral argument by *Eugene A. Bitters* of Ripon.

For the respondent the cause was argued by *Harold H. Persons,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

FAIRCHILD, J. 1. *Jurisdiction of the circuit court to hear the appeal.* The orders of the school committees were made pursuant to sec. 40.035 (3), Stats. Par. (b) thereof provides that this type of order is "subject to appeal to the state superintendent but not to a referendum." Sec. 40.035 does not tell us how an appeal to the state superintendent is to be taken; nor does it set a time limit for such appeal. Neither does it say whether or not there may be an appeal from the state superintendent to the circuit court. We find no other statute prescribing the procedure to be followed and expressly referring to sec. 40.035. Sec. 40.06 deals with reorganization of school districts by town or village boards or city councils. Sec. 40.06 (3) provides for an appeal from an order made under that section to the state superintendent, fixes a period within which the appeal must be taken, and makes other procedural provisions. It also authorizes an appeal from the order of the state superintendent to the circuit court and requires that the grounds of the appeal be stated in the notice. It seems reasonable to construe the

reference to an appeal to the state superintendent in sec. 40.035 together with the provisions of sec. 40.06 (3), and we conclude that an appeal from the order of the superintendent to the circuit court was authorized.

2. *Propriety of a single notice of appeal.* The original reorganization orders were distinct from one another. They were made on various dates, and by different committees. There were separate appeals to the state superintendent and he disposed of the appeals in separate orders. Separate notices of appeal to the circuit court would have been appropriate, although the grounds for appeal were identical and the cases would probably have been considered together. We consider the joinder of all the appeals in one notice (sufficient in all respects except for such joinder) solely as a defect which the circuit court could properly remedy under sec. 269.51, Stats., where the appeal was attempted in good faith.

3. *The merits.* Appellants contend that in July, 1962, the school committees had no jurisdiction to issue orders affecting these districts because they had been involved in the November 20, 1961, order, and, in July, 1962, there was pending in this court an appeal from the judgment entered May 2, 1962, declaring the November 20, 1961, order void. There is no statute which expressly bars the commencement of a second proceeding under these circumstances, and we find no necessary implication that such second proceeding was barred.

Appellants point to sec. 40.025 (4), Stats., providing that a reorganization order shall be presumptive evidence of the validity of all proceedings preliminary thereto. The order issued November 20, 1961, was presumptively valid from its date to May 2, 1962, when the circuit court entered judgment declaring it invalid, but the judgment destroyed the

presumption prospectively.[2] The taking of an appeal to this court did not revive the presumption that the order was valid, although the possibility, of course, existed that this court might have reversed the circuit court judgment and held the order valid.

Appellants point to sec. 40.025 (1) (c), Stats., providing that when a reorganization order has been made any other reorganization proceeding before the first order goes into effect is void. Under sec. 40.025 (5) an appeal, taken from the reorganization order, stays it until the appeal has been determined and the result of the final determination made and filed. We deem the final determination of the appeal from the reorganization order to be the judgment of the circuit court thereon.

This conclusion is supported by the fact that the legislature has recently amended sec. 40.025 (4), Stats., effective June 7, 1963. It is now provided that when a reorganization order is stayed by appeal to the circuit court, the order shall become effective sixty days after notice of the order of the circuit court affirming the reorganization order, except that an appeal to the supreme court shall further stay the reorganization order. The fact that the legislature found it advisable so to provide indicates that under the old form of sec. 40.025 (5) the reorganization order was not stayed during appeal to the supreme court, and the final determination referred to was the judgment of the circuit court. In any event, there is still no express provision that a second proceeding is not to be commenced after a circuit court judgment declares the invalidity of a prior order and until decision by this court on appeal.

[2] *Palmer v. Sawyer County School Comm.* (1959), 7 Wis. (2d) 437, 96 N. W. (2d) 810; *School Dist. v. Harding* (1960), 10 Wis. (2d) 122, 102 N. W. (2d) 97.

We therefore conclude that the circuit court correctly decided the merits. A new reorganization proceeding could be commenced in July, 1962, notwithstanding the pendency of the appeal to this court.

4. *Proposed testimony of witnesses.* The case was heard on a motion for summary judgment. Appellants sought to supplement their affidavits by testimony of witnesses. The court did not permit it. The ruling was correct because the testimony was apparently directed at matters which were immaterial to the ground of appeal stated in the notice.

Appellants did propose a bill of exceptions, and included a partial transcript of the colloquies and arguments of counsel, including statements concerning their desire to call witnesses. Respondent insisted upon a full transcript being furnished if any part were used, and the circuit court ruled in favor of respondent, and ordered that appellants bear the cost of the full transcript. Appellants appealed from this order also. The record does not show that there was an abuse of discretion.

5. *The notice of appeal.* There is some ambiguity in the notice of appeal, and although the order of dismissal was mentioned, the notice is open to the construction that the appeal was taken from the court's decision rather than the order. We have, however, deemed the appeal to be from the order of dismissal, as well as the order dealing with supplying the transcript.

*By the Court.*—Orders affirmed.