Olson and another, Appellants, v. Rothwell, State Superintendent of Public Instruction, Respondent.
Sahy, Appellant, v. Same, Respondent.

*September 7—October 5, 1965.*

For the appellants there was a brief by *Godfrey, Godfrey, Neshek & Conway* of Elkhorn, and oral argument by *Thomas G. Godfrey.*

For the respondent the cause was argued by *Harold H. Persons,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HALLOWS, J.   The appellants raise three questions on appeal: (1) Whether the Rock county school committee had the power to make an order on August 29, 1962, attaching all the territory of the Barr district excepting the Sahy property to the Orfordville school district; (2) whether such action was arbitrary and thereby an unconstitutional exercise of the legislative process; and (3) whether the modification by the circuit court to include the Sahy property in the respondent's order was an unlawful usurpation of legislative authority.

The appellants contend that when Rock county school committee attached the territory of the Barr district excepting the Sahy property to the Orfordville district on August 29, 1962, it was without jurisdiction to do so because the Sahy property was involved in the appealed attachment order of June 8th. The appellants rely on sec. 40.025 (1) (d) 8, Stats., which provides the jurisdiction of a reorganization authority is lost, "Upon the perfection of an appeal pursuant to this chapter." However, the joint Rock-Green county school committee's order of June 8, 1960, only included the Sahy property of the Barr district and the Rock county school committee's order of August 29, 1962, did not include but expressly excluded the Sahy property. The contention of the appellants can only have merit on the proposition that if a school-reorganization order affects part of the territory comprising a school district, such order pre-empts all the territory in the school district. There is no authority for such a proposition. All the authority is to the contrary. Sec. 40.025 (1) (c) [1] provides only the second school reorganization proceeding is void if it pertains to all or any part of the territory included in the order of the first proceeding which is then pending or whose order has not then become effective.

The pre-empted jurisdiction of the first proceeding extends no farther than the particular and identical land or territory involved. In *School Dist. v. Harding* (1960), 10 Wis. (2d)

[1] "40.025 GENERAL PROVISIONS RELATING TO REORGANIZATION. (1) *Jurisdiction; acquisition, continuance and loss thereof.* . . .
"(c) Jurisdiction, when acquired as prescribed in pars. (a) and (b), continues until the reorganization authority disposes of the matter before it, unless lost as provided in par. (d). When the making of a reorganization order is pending before a reorganization authority or such order has been made, any other reorganization proceeding or order made by that or any other reorganization authority, after jurisdiction has been acquired as provided in par. (a) or (b) and prior to the going into effect of an order made and filed pursuant thereto, pertaining to all or any part of the territory included in the order, is void."

122, 102 N. W. (2d) 97, petitions for reorganization were held invalid and as not conferring jurisdiction because they were filed prior to the filing of the order of the final determination in the proceeding and involved some of or all of the territory in the order of the first proceeding. Likewise, in *Palmer v. Sawyer County School Comm.* (1959), 7 Wis. (2d) 437, 96 N. W. (2d) 810, the petition filed during the pendency of an appeal of a prior petition conferred no jurisdiction, as both proceedings dealt with the same territory. In *Balson v. Joint County School Comm.* (1963), 19 Wis. (2d) 96, 119 N. W. (2d) 438, in construing sec. 40.025 (1) (c), Stats., we pointed out the second proceeding was void if it pertained to the territory involved in the first proceeding whether or not the order issued in the second proceeding affected the territory involved in the first proceeding. In our recent case of *Ford v. Rothwell* (1964), 23 Wis. (2d) 80, 126 N. W. (2d) 489, we held the pre-emption of the appeal as the statute then existed ended with the filing of the judgment of the circuit court.

The appellants contend the action of the Rock county school committee in making its order of August 29th was arbitrary and capricious because in detaching all the property of the Barr district excepting the Sahy property and attaching it to Orfordville, it left a school district of 90 noncontiguous acres. In *State ex rel. La Crosse v. Rothwell* (1964), 25 Wis. (2d) 228, 130 N. W. (2d) 806, 131 N. W. (2d) 699, we stated the determination of school-district boundaries was a legislative function which may be delegated but that the power may not be exercised arbitrarily or to discriminate or deny equal protection of the laws. We do not consider the effect of the exercise of power necessarily determines the character of its exercise. In *Lewis Realty v. Wisconsin Real Estate Brokers' Board* (1959), 6 Wis. (2d) 99, 94 N. W. (2d) 238, we did find the result of an administrative-agency action sufficient to indicate arbitrariness on the part of the

board in imposing a penalty. While it can be admitted the four noncontiguous parcels of land left composing the Barr district could not and should not constitute a separate school district, nevertheless this temporary result was not the result of the arbitrary exercise of power by the Rock county school committee.

At the time of its action on August 29, 1962, the committee was under the compulsion of sec. 40.035, Stats., to place all the territory in Rock county in a school district operating a high school; such action was to have been taken by July 31, 1962. But the Rock county school committee was confronted with a dilemma of disregarding the order of June 8th which was then on appeal and attaching all of the territory of the Barr school district to the Orfordville district or of recognizing that order as pre-empting the jurisdiction of the Sahy property and excluding it from its order attaching the rest of the Barr school district to the Orfordville district. Making this choice was not an arbitrary action. Arbitrary or capricious action on the part of an administrative agency occurs when it can be said that such action is unreasonable or does not have a rational basis. *Chicago, M., St. P. & P. R. Co. v. Public Service Comm.* (1954), 267 Wis. 402, 66 N. W. (2d) 351. Arbitrary action is the result of an unconsidered, wilful and irrational choice of conduct and not the result of the "winnowing and sifting" process. The Rock county school committee, in considering and in doing what might be said to be the best it could do as it saw the problem confronting it, did not arbitrarily exercise its power.

Finally, the appellants argue the circuit court in modifying the order appealed from unlawfully usurped and exercised legislative authority. In modifying the order to include the Sahy property in attachment to the Orfordville school district, the trial court did not, and we believe correctly, place the exercise of its power on the correction of an inadvertent

error of description. The exercise of power to modify an order of an administrative agency in such respect was upheld in *School Board v. State Superintendent* (1963), 20 Wis. (2d) 160, 121 N. W. (2d) 900, and *Joint School Dist. v. Sosalla* (1958), 3 Wis. (2d) 410, 88 N. W. (2d) 357. The circuit court considered it had the power as a reviewing court under ch. 227, Stats., to modify the order, and we agree.

Although the appellants argue the reviewing court can only modify an administrative agency's order when the appellants' rights have been prejudiced, we do not consider the appellants' rights on this appeal are prejudiced by the modification of the order. Nor do we consider the modification by the circuit court as being an exercise of the legislative function. The legislature by ch. 563, Laws of 1959, creating sec. 40.035, Stats., made the legislative determination that all territory in the state was to be included within a school district operating a high school by July 1, 1962. The only discretion left was a choice in some cases of a high school district. This choice was left to the usual methods of creating and changing school districts until July 1, 1962. After that date the exclusive method was by action of the county school committee with a mandate that the purpose of the statute be accomplished not later than July 31, 1962. Because the joint Rock-Green county school committee erroneously included the Sahy property in the attachment to the Brodhead district, it attempted to correct this by its rescinding order of June 29, 1960, before the order of June 8th became effective. It is without question on the record the Rock county school committee would have included the Sahy property in the attachment to the Orfordville district if it thought it could validly do so while the appeal was pending from the June 8th order or if it were sure the order of June 29th was valid and effective. The modification of the order

merely effectuates the intention of the school committee and no discretion or choice is made by the court as a legislative function.

*By the Court.*—Judgments affirmed.

WILKIE, J., took no part.