ELEMENTARY SCHOOL DISTRICT No. 1, TOWN OF BRIGHTON, KENOSHA COUNTY, Respondent, v. STATE APPEAL BOARD, Appellant.*

*No. 486. Submitted under sec. (Rule) 251.54 March 6, 1975.— Decided April 10, 1975.*
(Also reported in 227 N. W. 2d 642 and 231 N. W. 2d 193.)

For the appellant the cause was submitted on the brief of *Robert W. Warren,* attorney general, *John William Calhoun,* assistant attorney general, and *Max C. Ashwill,* legal counsel.

For the respondent the cause was submitted on the brief of *Shaufler, Rothrock & Bauhs* of Kenosha.

A brief was filed by *Bronson C. La Follette,* attorney general, *John William Calhoun,* assistant attorney

---

* Motion for rehearing denied, without costs, on June 30, 1975.

general, and *Max C. Ashwill*, legal counsel, for the appellant.

A brief was filed by *Shaufler, Rothrock & Bauhs* of Kenosha for respondent.

WILKIE, C. J. The narrow issue before the court is whether an order of the circuit court denying a motion for summary judgment on an appeal to that court in a school district reorganization proceeding is a final order and is appealable. It is not.

In this school district reorganization proceeding, the Cooperative Educational Service Agency No. 18 ordered the detachment of two sections from Elementary School District No. 1, Town of Brighton, Kenosha county, and attachment of those sections to the Union Grove Joint School District No. 1. The order was appealed by the Town of Brighton School District to the State Appeal Board and the State Appeal Board affirmed. The school district then appealed to the circuit court for Kenosha county and the State Appeal Board moved for summary judgment. The circuit court denied the motion, and the State Appeal Board appealed the circuit court order to this court.

The summary judgment procedure set forth in sec. 270.635, Stats., is not authorized in appeals to circuit court arising from school district reorganization proceedings. Sec. 270.635 was created by supreme court order.[1] It permits motions supported by affidavits for the purpose of determining whether there is a triable issue of fact,[2] but there is no trial de novo in circuit court in school district reorganization appeals.[3] The whole circuit court appeal procedure is summary in the sense that

---

[1] 204 Wis. viii.

[2] Sec. 270.635 (2), Stats.

[3] *Perkins v. Peacock* (1953), 263 Wis. 644, 58 N. W. 2d 536.

it involves a review of the record of the proceedings before an administrative agency, rather than a trial of fact issues.

The provisions of the statutes governing appeals in school district reorganization proceedings are set forth in sec. 117.03, Stats.[4] Only the "final order" of the circuit court is appealable to the supreme court. An order denying a motion for "summary judgment" on an appeal to circuit court where there is no trial de novo is simply an order refusing to enter a final order. As such it is not appealable.

*By the Court.*—Appeal dismissed.

The following opinion was filed June 30, 1975:

PER CURIAM *(on motion for rehearing).* In our decision this court stated:

"That summary judgment procedure set forth in sec. 270.635, Stats., is not authorized in appeals to circuit court arising from school district reorganization proceedings."

On its motion for rehearing, the State Appeal Board contends that the statement is contrary to numerous opinions of this court in past decisions. A review of those decisions reveals that the issue as to procedure was never raised. In these reorganization cases the appeal is from the order of the agency involved.

The appeal board's motion for rehearing is denied.

[4] Sec. 117.03 (5), Stats.: "Any party to the circuit court appeal may secure a review of the final order of the circuit court by appeal to the supreme court. Such appeal shall be taken as provided by law for appeals from the circuit court in other civil cases, except that the time for appeal shall be limited to 60 days from the notice of entry of the order."