JOINT SCHOOL DISTRICT NO. 2 OF THE VILLAGE OF WHITE LAKE and others, Appellant, v. STATE and others, Respondents.

*Nos. 584, 585 (1974). Argued January 6, 1976.—*
*Decided February 3, 1976.*
(Also reported in 237 N. W. 2d 739.)

For the appellant there was a brief by *Thomas J. Janssen* and *Sigman, Sigman, Shiff & Janssen* of Appleton, and oral argument by *Thomas J. Janssen.*

For the respondents there was a brief by *Victor A. Miller,* attorney general, *John William Calhoun,* assistant attorney general, *Max C. Ashwill,* legal counsel, Department of Public Instruction, all of Madison, and oral argument by *John W. Calhoun* assistant attorney general.

CONNOR T. HANSEN, J. The facts pertinent to these two appeals are identical, with the exception that one involves the township of Townsend, Oconto county, and the other the township of Lakewood, Oconto county. These two towns were part of the Wabeno School District until 1973, at which time this court upheld a determination of the circuit court affirming a decision of the board granting petitions initiated in 1971, requesting detachment of these towns from the Wabeno District and attachment to the White Lake School District. *Joint School District v. State Appeal Bd.* (1973), 56 Wis. 2d 790, 203 N. W. 2d 1. This attachment was effectuated on March 7, 1973.

Following the effective date of the attachment, the Agency School Committee adopted a resolution calling for the merger of the White Lake District with the Wabeno District, in contemplation of a single large district. The committee subsequently denied its own resolution, and the two districts remain separate.

On May 3, 1973, two petitions were filed with CESA, one asking for the detachment of Townsend and the second for the detachment of Lakewood from the White Lake District and attachment to the Wabeno District. CESA granted both petitions. Referendums were held on the determination among the electorate of the areas involved and both resulted in approval of the committee's action.

The determination of the committee was appealed to the board and a hearing on both appeals was held before the board. The board affirmed the decision of the CESA.

The orders entered by the board were appealed to the circuit court on the grounds that the board lacked jurisdiction to enter the orders and that action taken was arbitrary or capricious.

The judgments of the circuit court dismissed the appeals with prejudice.

The issues presented to this court are:

1. Did the State Appeal Board lack jurisdiction to enter the orders affirming the decisions of the Agency School Committee?

2. Were the decisions of the State Appeal Board arbitrary and capricious?

3. Are the judgments, entered pursuant to motions for summary judgments, appealable?

*Jurisdiction.*

The following facts are relevant to the jurisdiction issue.

On March 7, 1973, three areas, the Towns of Armstrong and Doty, and part of the Town of Riverview, all in a third school district, filed a petition for attachment to the White Lake District. On April 5, 1973, CESA denied the petition for attachment and the areas seeking attachment appealed. On June 19, 1973, the board affirmed the decision of CESA. No appeal was taken from this decision.

On May 3, 1973, the Towns of Lakewood and Townsend, being the areas involved in this appeal, petitioned for detachment from the White Lake District and attachment to the Wabeno District. On May 29, 1973, CESA

granted the detachment petition. On August 17, 1973, the board affirmed the determination of CESA.

Thus, the appeal relating to the three areas in the third district and decided by the board on June 19, 1973, was pending before the board at the time Lakewood and Townsend filed detachment petitions with CESA on May 3, 1973.

Chapter 117, Stats., provides for school district reorganizations. Sec. 117.01 (1) (d), reads, in part:

"(d) While a reorganization proceeding is pending and until an order granting or denying school district reorganization made therein takes effect, any other reorganization proceeding commenced or order made, pertaining to any territory included in the reorganization proceeding or order, is void . . . ."

Chapter 92, Laws of Wisconsin, 1967, revised the statutes with respect to public education. The provisions of the statutory section cited, *supra,* were formerly contained in sec. 40.025 (1) (c), Stats. 1965, and read in part:

". . . When the making of a reorganization order is pending before a reorganization authority or such order has been made, any other reorganization proceeding or order made by that or any other reorganization authority, after jurisdiction has been acquired as provided in par. (a) or (b) and prior to the going into effect of an order made and filed pursuant thereto, pertaining to all or any part of the territory included in the order, is void."

The pertinent phrase in sec. 40.025 (1) (c), Stats. 1965, reads: ". . . *pertaining to all or any part of the territory included in the order,* . . ." (Emphasis added.) The pertinent phrase in sec. 117.01 (1) (d), reads: ". . . *pertaining to any territory included in the reorganization proceeding or order* . . ." (Emphasis added.) Appellants urge that by adding the term "reorganization proceeding," the legislature intended that no reorganization proceedings are to be undertaken which in any way affect

a school district if there are other reorganization proceedings pending which might also affect that district.

We are of the opinion the position of the appellants is untenable.

In *School Board v. State Superintendent* (1963), 20 Wis. 2d 160, 121 N. W. 2d 900, factual circumstances similar to the cases at bar were presented and the question of jurisdiction challenged on the same grounds, pursuant to sec. 40.025 (1) (c), Stats. 1965, *supra.* In that case, several different petitions were pending at the same time with respect to the school district of the city of Sheboygan. It was contended that an order entered attaching a certain geographical area to the district was void because other petitions requesting attachment of different geographical areas to the Sheboygan district were then pending. This court found that argument without merit, stating that:

"A reorganization order contemplated by sec. 40.025 (1) (c), Stats., which detached territory from one school district and which attached it to another includes only that territory detached and attached. Also an order which dissolves a whole school district and attaches it to another or one which consolidates all or several districts to form a new district includes only that territory dissolved and attached or that consolidated. If it were the intention of the drafters of sec. 40.025 (1) (c) to preclude subsequent petitions from being filed, which included territory in the proposed 'reorganized district' or 'school district affected' they would have used those terms as they are specifically defined in sec. 40.01 (11), (13). To read those terms in the light proposed by the appellants would produce a result inconsistent with the manifest intention of the legislature. . . ." *School Board v. State Superintendent, supra,* p. 169.

This construction of sec. 40.025 (1) (c), Stats. 1965, *supra,* was reaffirmed in *Olson v. Rothwell* (1965), 28 Wis. 2d 233, 137 N. W. 2d 86, and *In re School District No. 5, Vil. of Bear Creek* (1969), 42 Wis. 2d 264, 272,

166 N. W. 2d 160. In the former case, in response to the same argument, this court stated:

". . . The contention of the appellants can only have merit on the proposition that if a school-reorganization order affects part of the territory comprising a school district, such order pre-empts all the territory in the school district. There is no authority for such a proposition. All the authority is to the contrary. Sec. 40.025 (1) (c) provides only the second school reorganization proceeding is void if it pertains to all or any part of the territory included in the order of the first proceeding which is then pending or whose order has not then become effective.

"The pre-empted jurisdiction of the first proceeding extends no farther than the particular and identical land or territory involved. . . ." *Olson v. Rothwell, supra,* p. 237.

In construing sec. 40.025 (1) (c), Stats. 1965, this court on several occasions stated that a second proceeding is void if it pertains to the territory involved in a first proceeding, *whether or not the order issued in the second proceeding affected the territory involved in the first proceeding. Olson v. Rothwell, supra,* p. 238. In *Balson v. Joint County School Comm.* (1963), 19 Wis. 2d 96, 119 N. W. 2d 438, two petitions were pending involving the town of Calumet. The order issued in the second proceeding omitted Calumet, leaving its status the same, even though the petition and proceedings thereon had requested a change in its status. It was determined that the fact that the order did not include the town did not save it from being void, because a competing reorganization proposal involving the same town had been pending at the same time.

Thus, the legislature, by adding the words "reorganization proceeding" to the statutory directive merely clarifed the statute to comport with its construction by this court. This conclusion is substantiated by the language in *Olson v. Rothwell, supra,* wherein the holding refers to the reorganization proceeding as well as the order itself.

The purpose of the provision is to prevent consideration of competing petitions relating to the same geographical area at the same time. *Balson v. Joint County School Comm., supra.* The addition of the term "reorganization proceedings" emphasizes this intent, rather than indicating any purpose to change the existing construction relating to the extent of territory involved. Finally, the legislature is presumed to act with full knowledge of existing laws, including both statutes and the decisions of this court interpreting those statutes. *State ex rel. Klingler & Schilling v. Baird* (1972), 56 Wis. 2d 460, 468, 202 N. W. 2d 31. This court made clear in *State Board v. State Superintendent, supra,* what terms would be appropriate to indicate a legislative intent different from that recognized by the determination in that case. Nevertheless, when the provision was amended, those terms were not incorporated. The inclusion of the words "reorganization proceeding" intended to refer to a particular procedural step in the reorganization process, in addition to the order itself, rather than to an expansion of the definition of the entity which is considered to be included within the terms of the provision. Therefore, the board had jurisdiction to enter the orders herein.

*Arbitrary or capricious action.*

The appellants also argue that the action taken was arbitrary or capricious. This contention is grounded on the fact that the president of CESA #3, which has responsibility for all of the territory under appeal, was called as a witness and specifically identified as a resource person at the board hearing on August 17, 1973. Appellants further contend that the action evidences irrational conduct in that the towns involved had only recently been detached from the Wabeno District and attached to the White Lake District.

The proceeding before the board is legislative in nature. In *Joint School District v. State Appeal Bd., supra,* pages 795, 796, it was recognized that:

". . . the action of the appeal board is not a judicial or quasi-judicial review, but is rather an independent, legislatively delegated re-evaluation and redetermination of the proposed reorganization. As a consequence, the State Appeal Board was not required to restrict its decision to the facts appearing of record and could base its conclusion on matters within its knowledge and expertise in the field of educational policy and on information and evidence adduced at its own hearing."

Thus, it is apparent that the board, in its discretion, could consider information from all sources in reaching its policy conclusion.

*Joint School District v. State Appeal Bd., supra,* page 797, addressed the question of what constitutes arbitrary or capricious action:

". . . In *Olson v. Rothwell, supra,* page 239, we stated the test for determining whether a reorganization order was arbitrary or capricious. We said:
" 'Arbitrary or capricious action on the part of an administrative agency occurs when it can be said that such action is unreasonable or does not have a rational basis. . . . Arbitrary action is the result of an unconsidered, wilful [sic] and irrational choice of conduct and not the result of the "winnowing and sifting" process.' "

In *Larson v. State Appeal Board* (1973), 56 Wis. 2d 823, 829, 202 N. W. 2d 920, the discretion of the board was determined to be extremely broad.

No formalized findings of fact were made in the proceedings before the board. Although both desirable and of assistance on review, such findings are not required. *Joint School District v. State Appeal Bd., supra,* page 795. However, it can reasonably be inferred from the record and the motion for the merger of the Wabeno and White Lake Districts, subsequently denied, that it had

been anticipated the merger would occur, thus making the original detachment of Lakewood and Townsend from the Wabeno District not of critical proportions. That merger did not take place and the history of these actions indicates considerable disagreement has surrounded reorganization for a number of years. The wisdom of the decision in terms of policy is not a matter for judicial review. *Larson v. State Appeal Board, supra,* page 828; *Joint School District v. State Appeal Bd., supra,* page 800.

The trial court correctly pointed out that the record of the hearing shows some basis upon which the decision of the board could be considered rational, including the interests of the Wabeno School District and the ability to provide quality education to the children of the affected areas. In addition, the board presented to the proponents of both sides of the issue opportunity to be heard on the questions of policy involved, and questioned the witnesses with respect to the interests of the children. Having heard extensive presentations of both points of view, the board voted to affirm the committee's decision. The dispute between these two districts is of long standing. The record reflects the reorganizing authorities are familiar with the problem. The trial court properly refused to substitute its discretion for that of the State Appeal Board. Our review of the record leads us to conclude that the action of the board was not arbitrary or capricious.

*Summary judgment.*

Summary judgment was appropriate in the instant cases. In *Joint School District v. State Appeal Bd., supra,* pages 799, 800, this court stated:

". . . Sec. 270.635 (2), Stats., provides that, when a motion for summary judgment is made by a defendant, judgment may be entered in his favor if there are submitted:

" '. . . such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action or that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial.'

"Here, the State Appeal Board moved for summary judgment and submitted affidavits together with the minutes of its proceedings establishing that it had acted within its jurisdiction and had not been arbitrary or capricious. These were the only justiciable issues, and the underlying facts were undisputed. The counter-affidavits submitted by the appellants were of an argumentative nature that went only to the substantive wisdom of the board's order. Those facts, even though correct, were irrelevant to the determination of the issues within the province of the circuit court. The determination of jurisdiction and of whether an administrative body acted arbitrarily or capriciously are matters of law which were determinable on the basis of the affidavits by the court without trial. . . ."

*School Board v. State Superintendent, supra,* was also an appeal from a summary judgment. *Elementary School v. State Appeal Board* (1975), 68 Wis. 2d 127, 227 N. W. 2d 642, 231 N. W. 2d 193, held that an order denying a motion for summary judgment was not appealable. It was therein stated:

"The provisions of the statutes governing appeals in school district reorganization proceedings are set forth in sec. 117.03, Stats. Only the 'final order' of the circuit court is appealable to the supreme court. An order denying a motion for 'summary judgment' on an appeal to circuit court where there is no trial de novo is simply an order refusing to enter a final order. As such it is not appealable." *Elementary School v. State Appeal Board, supra,* pages 128, 129.

When a circuit court, in a school district reorganization proceeding, grants a motion for summary judgment and

enters judgment, it is a final disposition of the case in the trial court. A final judgment entered pursuant to motion for summary judgment is appealable.

In the instant cases, the record shows that documents, affidavits and minutes of the proceedings were submitted to the court. There were no underlying questions of disputed fact and the trial court correctly determined the issues of law.

*By the Court.*—Judgments affirmed.