IN the MATTER OF ARBITRATION:
NICOLET HIGH SCHOOL DISTRICT, Movant-Respondent,

v.

NICOLET EDUCATION ASSOCIATION, Appellant.†

Court of Appeals

*No. 82–1869. Submitted on briefs May 11, 1983.—
Decided June 13, 1983.*
(Also reported in 337 N.W.2d 846.)

---

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Johnson, Cullen & Weston,* with *Cheryl Rosen Weston* of counsel, of Madison.

For the movant-respondent the cause was submitted on the briefs of *Foley & Lardner,* with *Herbert P. Wiedemann* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

DECKER, J. We determine that the arbitrator's award overturning the school board's decision not to renew the teaching contract of June Domoe for the school year 1981–82 exceeded his powers and affirm the circuit court's order vacating the arbitrator's award.

The Nicolet High School Board (board), after giving notice to June Domoe, decided not to renew her contract for the school year 1981–82. Nicolet Education Association (association) filed a grievance with the board on behalf of Domoe pursuant to the collective bargaining agreement between the board and the association.

At a board hearing on May 26 and 27, 1981, extensive evidence was introduced by the parties to the hearing and upon such evidence the school board again decided that:

there is good and sufficient cause, in accordance with Article XVII of the Collective Bargaining Agreement, for non-renewal of June Domoe's contract for the 1981–82 school year. Specifically, Mrs. Domoe's teaching performance in the classroom, including both her classroom management and her instructional skills, has been unsatisfactory. Accordingly, the grievance protesting the non-renewal is denied.

The union thereafter submitted the matter to arbitration pursuant to the following provisions of the collective bargaining agreement:

If a grievance is submitted to arbitration by the Association, the Association and the District shall jointly request the Wisconsin Employment Relations Commission to appoint a member of its staff as arbitrator for such grievance.

The sole function of the arbitrator shall be to determine whether or not the rights of a teacher have been violated by the District contrary to an express provision of this Agreement. The arbitrator shall have no authority to add to, subtract from, or modify this Agreement in any way. The arbitrator shall have no authority to impose liability upon the District arising out of facts occurring before the effective date or after the termination of this Agreement. A decision of an arbitrator within the scope of his authority shall be final and binding upon the District, the Association and the Teachers.

The arbitrator was appointed by the Wisconsin Employment Relations Commission and the stipulated issue submitted to the arbitrator was:

Under the Collective Bargaining Agreement, which is in evidence as Joint Exhibit No. 1, what disposition should be made of the grievance of Mrs. Domoe, which is in evidence as Joint Exhibit 7?

Pursuant to sec. 111.10, Stats., the arbitration is governed by ch. 788, Stats.

The arbitrator sustained the grievance and ordered the board to reinstate Domoe and compensate her for lost teaching earnings less her interim earnings elsewhere. The circuit court denied the association's motion to confirm the award and granted the board's motion to vacate the award. This appeal followed.

In addition to a general reservation of management rights to the board, article II of the collective bargaining agreement specifically reserved to the board the right "to hire all employes and subject to the provision of law, to determine their qualifications and conditions for their continued employment." The agreement elaborated:

The exercise of the foregoing powers, rights, authority, duties and responsibilities by the Board, the adoption of policies, rules, regulations and practices in furtherance thereof, *and the use of judgment and discretion in connection therewith shall be limited only by the specific and express terms of this Agreement* . . . . [Emphasis added.]

The agreement specifically provided for arbitration of nonrenewal of a teacher's contract in article XVII as follows:

The District agrees that no teacher will be non-renewed except for incompetency, inefficiency, reduction in staff or other good and sufficient reason. If the teacher disagrees with the Board's determination, the matter may be processed through the grievance and arbitration procedure of this Agreement. In the event of arbitration regarding non-renewal or in event a non-renewal decision is challenged through any type of litigation or administrative proceeding *the judgment of the Board shall not be reversed or modified unless it is determined to be arbitrary, capricious, discriminatory or in bad faith.* [Emphasis added.]

Thus, unlike a general delegation to the arbitrator to consider evidence and decide the merits of the dispute, the

arbitrator in this case of nonrenewal of a teacher's contract was circumscribed in his powers which were contractually limited to a review of the board's nonrenewal decision to determine whether it was arbitrary, capricious, discriminatory or in bad faith.

[1, 2]

The arbitrator obtains his authority from the contract and it is our task to interpret the contract with respect to limitation of his authority. *Joint School District No. 10 v. Jefferson Education Association*, 78 Wis. 2d 94, 101, 253 N.W.2d 536, 540. (1977). Our function is supervisory and our goal is merely to insure that the parties receive the arbitration that they bargained for. *City of Oshkosh v. Oshkosh Public Library Clerical & Maintenance Employees Union Local 796–A*, 99 Wis. 2d 95, 106, 299 N.W.2d 210, 214 (1980); *Milwaukee Professional Firefighters, Local 215 v. City of Milwaukee*, 78 Wis. 2d 1, 22, 253 N.W.2d 481, 491 (1977).

In this case the arbitrator did not find the board's decision to be discriminatory or in bad faith. The specific finding by the arbitrator was that the board's decision was "arbitrary in the fundamental sense" because it was not supported by sufficient evidence.

We believe that the limitation upon the powers of the arbitrator was substantially equivalent to a common law standard of judicial review of an administrative agency determination with respect to arbitrariness and capriciousness. *See Coleman v. Percy*, 96 Wis. 2d 578, 588, 292 N.W.2d 615, 621 (1980).

Because arbitrariness and capriciousness are tandem and overlapping concepts, we think it fair to interpret the arbitrator's award as also based upon capriciousness. Therefore, we quote from *Westring v. James*, 71 Wis. 2d 462, 476–77, 238 N.W.2d 695, 702–03 (1976):

The standard of arbitrariness and capriciousness was discussed in *Scharping, supra,* [32 Wis. 2d at 390, 145 N.W. 2d at 695]:

" 'It is, in general, the most flagrant violations of the scope of delegated discretionary powers which are described as capricious. In common usage, the term refers to a whimsical, unreasoning departure from established norms or standards; it describes action which is mercurial, unstable, inconsistent, or fickle. In legal usage, a decision is capricious if it is so unreasonable as to "shock the sense of justice and indicate lack of fair and careful consideration."

" 'Typical of the cases in which the epithet *capricious* may properly be applied are those where an agency has given different treatment to two respondents in identical circumstances, or has exhibited an irrational unfairness which suggests malice or discrimination.' 2 Cooper, *State Administrative Law* (1965), p. 761."

In *Olson v. Rothwell* (1965), 28 Wis. 2d 233, 239, 137 N.W.2d 86: we stated:

"Arbitrary or capricious action . . . occurs when it can be said that such action is unreasonable or does not have a rational basis. . . . Arbitrary action is the result of an unconsidered, wilful and irrational choice of conduct and not the result of the 'winnowing and sifting' process." *See also: Chicago & North Western Railway Co. v. Public Service Comm.* (1969), 43 Wis. 2d 570, 582, 169 N.W.2d 65.

Again, while the conclusion that was drawn from the evidence by the director may have been one with which other reasonable persons might disagree, it cannot be said that it constituted wilful or irrational choice of conduct.

██

Because we are reviewing an arbitrator's award, it is entitled to a presumption of validity and its invalidity must be established by clear and convincing evidence. *City of Milwaukee v. Milwaukee Police Association,* 97 Wis. 2d 15, 24, 292 N.W.2d 841, 846 (1980).

In this case the arbitrator's award and a review of the hearing record before the school board which was pre-

sented to the arbitrator for his review provides that clear and convincing evidence. The arbitrator did not observe the witnesses' demeanor or hear them testify. He was unable to assess their credibility or weigh their testimony. Like this court, he was limited to the written record for his knowledge of the board proceeding.

Although the arbitrator's award acknowledged at length the circumscribed nature of his reviewing power, he disregarded those limits in a conclusory analysis of the evidence that enabled him to escape from the limits upon his powers. The springboard by which the escape was accomplished was the arbitrator's conclusion upon his review of the record that the board's decision was arbitrary because

the record leaves no doubt that the fundamental cause of the grievant's non-renewal was the observations and opinions of Johannsen, which evidently influenced Reiels and Johnson in their recommendations, as well as the Board itself. Even admitting that some degree of subjectivity is unavoidable in evaluating a teacher, and even ignoring, for reasons already explained, the considerable contrary evidence compiled by other witnesses, Johannsen's testimony was so heavily undercut *by herself* that virtually nothing of substance remained. What is left is a chimera, mere opinion unsubstantiated by cogent fact. The undersigned must therefore find the Board's decision to be arbitrary in a fundamental sense, since it is not predicated on clear and substantial evidence of incompetence from even one witness. This conclusion is essential particularly because, although the District argues that the process of weighing evidence is entirely for the Board, there is no hint in the Board's June 3, 1981 decision of any recognition that there were no conflicts among witnesses or within Johannsen's testimony, or that any real attempt to weigh such conflicts took place.

It is self-evident from the arbitrator's award that he assessed the credibility of the witnesses when he had not observed and engaged in weighing their testimony. He

concluded that much of the testimony supporting the board's decision was not credible in that it lacked a basis for the opinions expressed by the witnesses, and that the remaining testimony was so insubstantial that it could not support the decision made by the board.

In this fashion, the arbitrator escaped the contractual limitations upon his powers and substituted his judgment for the board's. Thus, the parties did not get the arbitration for which they bargained.

By his methodology, the arbitrator imparted into the collective bargaining agreement the authority to determine whether the decision of the board was based upon credible and substantial evidence. Although that scope of judicial review of administrative agencies exist in the administrative procedure act (sec. 227.20, Stats.) and other statutes (e.g. sec. 102.23(6), Stats.), proper application prohibits a substituted judicial judgment of the weight of the evidence found by the agency. *Sanitary Transfer & Landfill, Inc. v. DNR*, 85 Wis. 2d 1, 14, 270 N.W.2d 144, 149–50 (1978). Here, however, the arbitrator's power of review was delineated by the agreement itself and restricted the arbitrator to an "arbitrary or capricious" standard, not a "credible and substantial" standard. However, the arbitrator mistakenly added to his contractual authority the judicial review of administrative agencies' authority accorded by statute. The collective bargaining agreement cannot be reasonably interpreted to include that authority and therefore the arbitrator exceeded his powers.

If we were to conclude that such a broadened administrative agency standard of review is applicable to the arbitrator's role in this case, the outcome of this case would not be altered. The standard which the arbitrator applied was contrary to both the "arbitrary and capricious" rule and the "credible and substantial evidence" rule. Judicial

review of an administrative agency determination does not permit substitution of judicial judgment for that of the administrative agency. *Sanitary Transfer & Landfill, Inc. v. DNR, supra.*

The arbitrator performed his task in this case by arrogating to himself the authority to weigh the credibility of witnesses and to substitute his discretion for that of the board. Although his award appears to disclaim his authority to do so, that result was accomplished by an analysis of the evidence presented to the board (and subsequently reviewed by the arbitrator) which discounted the credibility of the witnesses and rejected the validity of their expressed opinions. By this process the evidence supporting the board's decision and the testimonial professional opinions of the chairman of the language department and the superintendent of schools were reduced to invalidity. That adds up to a substituted judgment which is violative of the arbitrator's role and limited powers prescribed in the collective bargaining agreement.

The authority of the arbitrator to hear a grievance is not the same as the authority of the arbitrator to make a particular award and the distinction between the two concepts must remain clear. The collective bargaining agreement may permit or require the arbitrator to hear a dispute, but it may also restrict him from reaching a particular result by limiting his powers of review or relief. [Citations omitted.] *City of Milwaukee v. Milwaukee Police Association, supra,* 97 Wis. 2d at 23–24, 292 N.W.2d at 846.

Our view of the arbitrator's role as contractually limited by the collective bargaining agreement would not deny him the authority to conclude that a board decision not to renew a teacher's contract was arbitrary, capricious, discriminatory, or in bad faith if there were no evidence or the evidence was inherently incredible or the witnesses' opinions were not based upon their knowledge or observations or were based upon evidence from which no reasonable person could arrive at the conclusion reached.

Although some of the witnesses may have had limited opportunity to observe the teaching performance of Domoe within a period proximate to the superintendent's decision to recommend that her contract not be renewed, our extensive review of the evidence leads us to the same view as the circuit court, that the chairman of the language department and the superintendent each had a long period of supervisory relationship with Domoe and were clearly competent to express an opinion with regard to renewal which was based upon knowledge, observation, and the professional expertise to express a conclusion with regard to whether her classroom management and her instructional skills were satisfactory.

We vacate the award of the arbitrator because he exceeded his powers.

The association claims that the board also violated procedural due process rights of Domoe which also affords support for the arbitrator's finding that the board's decision was arbitrary. The arbitrator did not find it necessary to address that issue because he found the board's decision arbitrary by the reasoning we have already detailed.

Although the association's contention of procedural due process deprivations was argued before the board and the arbitrator, it was not argued to the circuit court and it has not been argued to this court. We therefore deem it waived by failure to address the subject in the briefs to this court. *See State v. Beno,* 99 Wis. 2d 77, 91, 298 N.W. 2d 405, 413 (Ct. App. 1980). There is thus no unperformed duty of the arbitrator which requires a remand to him.

*By the Court.*—Order affirmed.