STATE EX REL. UNIFIED SCHOOL DISTRICT No. 1 OF CITY OF RACINE and others, Petitioners, v. JANOWSKI, Respondent.

*April 2—May 1, 1962.*

---

For the petitioners there was a brief by *La France, Thompson, Greenquist, Evans & Dye* of Racine, for Unified School

District, town of Caledonia, town of Raymond, village of North Bay; *Jack Harvey* of Racine, for city of Racine and Racine city school board; *Louis F. Gerard* of Sturtevant, for village of Sturtevant, Racine county school committee, and George Hnilicka; *Whaley & Whaley* of Racine, for village of Wind Point; *Benson, Butchart & Haley* of Racine, for town of Mt. Pleasant; *Robert C. Albert* of Racine, for village of Elmwood Park; and oral argument by *Kenneth L. Greenquist*.

No appearance or brief for the respondent.

BROADFOOT, C. J.   The circuit court held that the exclusive remedy for attacking the legality of the order of January 20, 1961, establishing the unified school district was by appeal under sec. 40.06 (3), Stats., and not by certiorari. Respondent herein, having failed to avail himself of his legal remedies, was held not to be entitled to review by certiorari. The circuit court further held that the creation of the unified school district was valid under sec. 40.095, Stats. 1959.  The 1961 amendment to said section inserting the words "or villages" wherever the word "village" appeared was determined merely to have clarified the law and not to have changed the existing law.  We agree with the conclusion reached by the circuit court.

Because of the statute, the proper remedy for reviewing questions of jurisdiction and abuse of statutory power is by appeal, not certiorari.  Except for cases where such right of appeal would be inadequate, a party who fails to avail himself of his legal remedies cannot by certiorari circumvent the procedures that were available to him.  *Langland v. Joint County School Comm.* (1961), 12 Wis. (2d) 557, 107 N. W. (2d) 503; *State ex rel. Damerow v. Behrens* (1960), 11 Wis. (2d) 426, 105 N. W. (2d) 866; *Perkins v. Peacock* (1953), 263 Wis. 644, 58 N. W. (2d) 536.

On appeal the state superintendent passes *de novo* upon the wisdom or advisability of the order, not on jurisdictional

matters. *Perkins v. Peacock, supra,* page 657; *State ex rel. Damerow v. Behrens, supra,* page 433. Appeal then lies to the circuit court to review questions respondent sought to raise by certiorari. No exceptional circumstances exist here wherein the statutory right of appeal was inadequate, for which certiorari might lie.

In accordance with sec. 990.001 (1), Stats., the word "village" contained in sec. 40.095, Stats. 1959, must be construed in the plural. This results in an interpretation which is consistent with the manifest intent of the legislature. It is clear that ch. 38, Laws of 1961, merely clarified sec. 40.095, Stats. 1959, and was not a change of substantive law.

*By the Court.*—Judgment granted declaring valid the proceedings creating Unified School District No. 1. All further proceedings in the circuit court action are permanently stayed. No costs to be taxed to respondent.