JOINT SCHOOL DISTRICT NO. 1, OF THE TOWN OF WABENO, etc., and others, Appellants, v. STATE APPEAL BOARD and others, Respondents.*

*No. 92. Argued November 29, 1972.—Decided January 3, 1973.*
(Also reported in 203 N. W. 2d 1.)

* Motion for rehearing denied, without costs, on February 27, 1973.

For the appellant Joint School District No. 1 of the Town of Wabeno there were briefs by *O'Melia, Kaye & Melby, S.C.*, attorneys, and *Donald C. O'Melia* and *Clarence J. Simon* of counsel, all of Rhinelander, and oral argument by *Donald C. O'Melia.*

For the appellant John Volk there was a brief by *Charlton, Yanisch, Greco & Roffa,* attorneys, and *Earl A. Charlton* and *Joseph J. Welcenbach* of counsel, all of Milwaukee, and oral argument by *Earl A. Charlton.*

For the respondents the cause was argued by *John William Calhoun,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Max C. Ashwill,* Department of Public Instruction Legal Counsel.

A brief amicus curiae was filed by *Joseph P. Holman* and *Evrard, Evrard, Duffy, Holman, Faulds & Peterson,* all of Green Bay, for the White Lake School District.

HEFFERNAN, J.   We have frequently stated the function of a school board reorganization authority. Although the principal cases discussing the nature of that function antedate the present statute, we are satisfied that the current statute merely codifies previous legislative directives and in no way, in matters material to this appeal, affect the nature of the legislature's grant of power to school board reorganization authorities. These cases make it clear that school district reorganization is a legislative policy-making function, which the legislature has delegated to local boards and to the state superintendent of public instruction. *Olson v. Rothwell* (1965), 28 Wis. 2d 233, 238, 137 N. W. 2d 86; *School Board v. State Superintendent* (1963), 20 Wis. 2d 160, 179, 121 N. W. 2d 900; *Reinders v. Washington County School Committee* (1962), 15 Wis. 2d 517, 526, 113 N. W. 2d 141; *School District v. Callahan* (1941), 237 Wis. 560, 567, 297 N. W. 407.

As a consequence of these holdings, we have concluded that the merits of a school district reorganization is a legislative determination of public policy questions which does not raise justiciable issues of fact or law. *Iron River Grade School District v. Bayfield County School Committee* (1966), 31 Wis. 2d 7, 142 N. W. 2d 227.

Since the issues are legislative in nature, we have stated that even a delegation to this court by the legislature of the authority to make a full review would be contrary to the doctrine of separation of powers.

"The courts could not assume the duties of the Superintendent or any other statutory authority even if the legislature delegated to them the power, for such a delegation would violate the doctrine of separation of powers." *School Board v. State Superintendent, supra,* page 180.

Accordingly, on an appeal to the courts, including to this court, the only issues to be considered are whether the reorganization authority acted within its jurisdiction and whether its order was arbitrary or capricious. *Olson v. Rothwell, supra; Zawerschnik v. Joint County School Committee* (1955), 271 Wis. 416, 73 N. W. 2d 566. Moreover, sec. 117.03 (3), Stats., provides in part that:

"The state appeal board by a majority vote of its members shall make such order as it deems proper under the circumstances to affirm, reverse or modify the order appealed from . . . ."

We conclude, as we did under the earlier statute, in *State ex rel. Unified School District v. Janowski* (1962), 16 Wis. 2d 408, 114 N. W. 2d 851, that the proceedings before the state superintendent and, under the instant statute, before the State Appeal Board constitute a de novo determination of the wisdom and advisability of the proposed reorganization. We pointed out again in *State ex rel. La Crosse v. Rothwell* (1964), 25 Wis. 2d 228, 237, 130 N. W. 2d 806, 131 N. W. 2d 699, that the appeal to the state superintendent is a de novo determination of a legislative type that did not require a formal or court-type hearing or formalized findings of fact.

Contrary to the contention of the appellants, the action of the appeal board is not a judicial or quasi-judicial review, but is rather an independent, legislatively dele-

gated re-evaluation and redetermination of the proposed reorganization. As a consequence, the State Appeal Board was not required to restrict its decision to the facts appearing of record and could base its conclusion on matters within its knowledge and expertise in the field of educational policy and on information and evidence adduced at its own hearing.

Where the legislature has seen fit to accord to school reorganization authorities the power to alter or consolidate school districts, and where the exercise of power is within the jurisdiction conferred, the legislature need impose no standards to guide the exercise of policy making by these reorganization authorities. We stated in *School District v. Callahan* (1941), 237 Wis. 560, 567, 297 N. W. 407:

". . . the power to exercise discretion in determining whether such districts shall be altered by consolidation or otherwise is not such an exclusive legislative function as may not be delegated to the state superintendent . . . and that this power may be delegated without any standard whatsoever to guide in the exercise of the power delegated."

The following cases are in accord: *State ex rel. La Crosse v. Rothwell, supra,* page 234; *School Board v. State Superintendent, supra,* page 171; *State ex rel. Horton v. Brechler* (1925), 185 Wis. 599, 604, 202 N. W. 144; *State ex rel. Moreland v. Whitford* (1882), 54 Wis. 150, 153, 11 N. W. 424; *West Milwaukee v. Area Board of Vocational, Technical & Adult Education* (1971), 51 Wis. 2d 356, 373, 187 N. W. 2d 387.

Proceedings before the State Appeal Board are not a mere review of the record before the agency school committee of CESA. It is not an appeal as that term is understood in the judicial sense. It is a new proceeding of a legislative nature. The State Appeal Board is not bound by the record of the agency school committee; it

is not obliged to rely upon its findings or upon the evidence before it and can make its own legislative determination on the basis of its own hearing and upon such other information as it might consider relevant to its decision.

The trial court properly confined its review to whether the State Appeal Board had jurisdiction and whether the order evinced arbitrary or capricious action. The State Appeal Board heard testimony. It examined and had statistics before it concerning the effect of its proposed order upon the educational process and, on the record, carefully considered the options available to it. It considered what it interpreted to be strong public support for the reorganization in that portion of the Wabeno School District that sought attachment to the White Lake School District. It reached the conclusion that the public support evidenced would likely result in the promotion of better education in the area in question. In *Olson v. Rothwell, supra,* page 239, we stated the test for determining whether a reorganization order was arbitrary or capricious. We said:

"Arbitrary or capricious action on the part of an administrative agency occurs when it can be said that such action is unreasonable or does not have a rational basis. . . . Arbitrary action is the result of an unconsidered, wilful and irrational choice of conduct and not the result of the 'winnowing and sifting' process."

We conclude that the trial judge properly concluded that the board went through the "winnowing and sifting process" and did not arrive at its decision by unconsidered, wilful or irrational conduct. The trial court properly determined that the order of the State Appeal Board was not arbitrary or capricious.

It also appears that on this appeal appellant Volk for the first time argues that the agency school committee was without jurisdiction because some of the petitioners

were not electors in the districts affected, as required by sec. 117.02 (1), Stats., and because notices of the public hearings before the agency school committee were not properly published as required by sec. 117.02 (3).

It should be noted that the petition before the agency school committee was denied. The Wabeno School District and John Volk were the prevailing parties in those proceedings. They were not aggrieved by any order or the denial of any order by the agency school committee, and they had no standing to appeal from that determination. Moreover, sec. 117.01 (2) (b), Stats., provides that an order of school district reorganization "shall be presumptive evidence of the facts recited therein and *of the validity of all proceedings preliminary thereto.*" (Emphasis supplied.) No inquiry into the jurisdiction of the agency school committee, whose order is not at issue in these proceedings, can be permitted.

Additionally, the appellants argue that they were denied equal protection of the law in that the petitioners who were denied the requested reorganization by an order of the agency school committee could have demanded a public referendum, but no similar procedure is permitted to review the reorganization order issued by the State Appeal Board that was adverse to the Wabeno School District and Volk.

Initially, it should be pointed out that a school district, as a creature of the legislature, lacks the capacity to question the constitutionality of state legislation. *State ex rel. La Crosse v. Rothwell, supra,* page 233; *Columbia County v. Wisconsin Retirement Fund* (1962), 17 Wis. 2d 310, 116 N. W. 2d 142. However, the appellant Volk as an individual, has taken an appeal in his capacity as a private citizen. As a consequence, the issue may be considered by this court. The contention is frivolous. Had Volk or the school district been aggrieved by the agency school committee's order, they would have had the

right to demand a referendum. Any party "aggrieved" has precisely the same rights. The same situation applies when the reorganization is consummated by an order of the State Appeal Board. The parties are treated alike and neither has a right to a referendum, but the aggrieved party has a right to review by the courts.

Appellants also raised, but abandoned, the argument that the order was improper because its effect was to leave a portion of the Wabeno School District noncontiguous to the remainder. At oral argument, counsel acknowledged that his reliance upon sec. 117.01 (1) (e), Stats., was misplaced and that such statute was applicable only to union high school districts.

We pointed out in the *Iron River Grade School District v. Bayfield County School Committee, supra,* that the erosion of the tax base of the remainder of a school district following reorganization does not demonstrate that the order was capricious or arbitrary. Whether it was wise for the State Appeal Board to issue an order that had this effect is not a justiciable issue and cannot be questioned in the courts. While we agree with the appellants' contention that those in policy-making positions should give "serious consideration" to the "economic base of the school district," the resolution of that problem is not one for the courts and could not be under the doctrine of the separation of powers. We have held too often for there to be any doubt that art. X, sec. 3, of the Wisconsin Constitution has nothing to do with the fixing of boundaries of school districts. *Joint School District v. Sosalla* (1958), 3 Wis. 2d 410, 88 N. W. 2d 357; *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 221 N. W. 860; and *Larson v. State Appeal Board,* post, p. 823, 202 N. W. 2d 920.

Summary judgment was appropriate in these proceedings. Sec. 270.635 (2), Stats., provides that, when a motion for summary judgment is made by a defendant,

judgment may be entered in his favor if there are submitted:

". . . such evidentiary facts, including documents or copies thereof, as shall show that his denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, either that he believes that there is no defense to the action nor that the action has no merit (as the case may be) unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

Here, the State Appeal Board moved for summary judgment and submitted affidavits together with the minutes of its proceedings establishing that it had acted within its jurisdiction and had not been arbitrary or capricious. These were the only justiciable issues, and the underlying facts were undisputed. The counter-affidavits submitted by the appellants were of an argumentative nature that went only to the substantive wisdom of the board's order. Those facts, even though correct, were irrelevant to the determination of the issues within the province of the circuit court. The determination of jurisdiction and of whether an administrative body acted arbitrarily or capriciously are matters of law which were determinable on the basis of the affidavits by the court without trial. *In re School District No. 5, Village of Bear Creek* (1969), 42 Wis. 2d 264, 166 N. W. 2d 160. The appellants have demonstrated no jurisdictional error or arbitrary or capricious action by the State Appeal Board. No material issue of fact was presented to the circuit court, and summary judgment was properly entered for the defendant.

*By the Court.*—Judgment affirmed.