CITY OF BELOIT, by the Beloit City School Board, its Agent, H. H. Holt, Plaintiffs-Appellants,

v.

STATE APPEAL BOARD, Defendant-Respondent.†

Court of Appeals

*No. 80–720. Argued April 30, 1981.—
Decided July 28, 1981.*
(Also reported in 309 N.W.2d 392.)

For the plaintiffs-appellants there were briefs by *Daniel T. Kelley* and *Hansen, Eggers, Berres & Kelley, S.C.*, of Beloit, and *Edward Grutzner* and *Grutzner, Byron & Holland, S.C.*, of Beloit, and oral argument by *Daniel T. Kelley.*

† Petition to review denied.

For the defendant-respondent there was a brief by *Bronson C. La Follette,* attorney general, and *John W. Calhoun,* assistant attorney general and oral argument by *John W. Calhoun,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. The City of Beloit appeals from the circuit court's judgment affirming the State Appeal Board's order. That order affirmed an agency school committee order which detached a single parcel from the City of Beloit School District (Beloit district) and attached it to the adjoining Clinton Community School District (Clinton district). We reject the city's contentions that the board lacked jurisdiction to enter the order and that its decision was arbitrary and capricious. We therefore affirm.

October 16, 1978, pursuant to sec. 117.08, Stats. 1977,[1] Gary and Judy Jensen petitioned the Beloit district and the Clinton district, to detach the parcel on which they resided from the Beloit district and to attach it to the Clinton district. The parcel is located

---

[1] Section 117.08, Stats. 1977, provides in material part:

The owner of an individual parcel of property adjoining the boundaries of 2 school districts may file a written petition with the school boards of the districts requesting that such parcel be detached from its present school district and attached to the adjoining school district. . . . school boards may detach the property from its present school district and attach it to the adjoining school district by a resolution adopted by a majority of the members of each school board. The resolution shall constitute an order of school district reorganization . . . . Failure to act on the petition within 60 days after its filing constitutes denial of the petition.

The last sentence of sec. 117.08, Stats. 1977, was amended by ch. 173, Laws of 1979, to read: "Action by either school board denying the petition or failure to act on the petition within 60 days after its filing constitutes denial of the petition and termination of jurisdiction."

within the city. A corner of the parcel is on the boundary between the Beloit and Clinton districts.

December 19, more than sixty days after the petition was filed, the Beloit district board of education denied the petition. January 8, 1979, the Jensens filed a similar petition with the Cooperative Educational Services Agency Number 17 (CESA), pursuant to sec. 117.02(1), Stats.[2] After a hearing and conference with the two districts, CESA's agency school committee ordered Jensens' parcel detached from the Beloit district and attached to the Clinton district.

Beloit appealed to the board, pursuant to sec. 117.03 (1)(a), Stats. After a hearing, the board entered an order affirming the CESA order. The city appealed from the board's order to the circuit court, pursuant to sec. 117.03(4). The circuit court held that the board had jurisdiction to make the order appealed from and did not act in an arbitrary, capricious or unreasonable manner, and entered judgment affirming the board's order.

1. *Scope Of Appellate Review*

■

The issues on appeal to the courts from school reorganization orders are limited to whether the board acted within its jurisdiction and whether its order was arbitrary and capricious. *Joint Sch. Dist. No. 2 v. State Ap-*

---

[2] Section 117.02(1)(a), Stats., provides in material part:

Upon the filing of a petition with the secretary of the appropriate agency school committee . . . signed by 10% of the electors residing in territory proposed to be detached from one school district and attached to another, . . . the agency school committee, after a public hearing, may order the reorganization of school districts within the agency. . . . Within 30 days after the hearing on any proposed reorganization and before the making of any order thereon, the agency school committee shall hold a conference on the proposed reorganization with the school boards of the districts affected. . . .

*peal Board,* 83 Wis. 2d 711, 720, 266 N.W.2d 374, 378 (1978) ; *Larson v. State Appeal Board,* 56 Wis. 2d 823, 825, 202 N.W.2d 920, 921 (1973), and cases cited.

The scope of this court's review is the same as that of the circuit court. *Compare State ex rel. Harris v. Annuity & Pension Board,* 87 Wis. 2d 646, 651, 275 N.W.2d 668, 671 (1979) (appellate review of judgment on certiorari requires reviewing the record of the administrative agency rather than the judgment or findings of the trial court).

### 2. *Board Had Jurisdiction*

The parties agree that the board has no jurisdiction to hear an appeal from a CESA order which is void for want of jurisdiction. The city argues that CESA lacked jurisdiction to entertain Jensens' petition, because their petition under sec. 117.08, Stats. 1977, was pending when they petitioned CESA under sec. 117.02(1), Stats. Section 117.01(1)(d) provides in material part:

While a reorganization proceeding is pending and until an order granting or denying school district reorganization made therein takes effect, any other reorganization proceeding commenced or order made, pertaining to any territory included in the reorganization proceeding or order, is void. A reorganization proceeding is pending:

. . . .

2. Until the expiration of 30 days following the date of mailing by the secretary of the agency school committee of an order denying the reorganization proposed by a petition or by a resolution.[3]

The circuit court concluded, and we agree, that the sec. 117.08, Stats. 1977, proceeding was not pending

---

[3] Section 117.01(2)(c), Stats., provides that a certified copy of any order denying reorganization must be filed with the secretary of the agency school committee in which the proposed reorganized school district lies.

December 19, 1978, when the Beloit district denied the Jensens' petition, because the Beloit district lost jurisdiction to act by failing to act within the sixty days provided by the last sentence of sec. 117.08, Stats. 1977. *See* n. 1.

Section 117.01(1)(c), Stats., provides in material part:

> Jurisdiction of a reorganization authority to act in a school district reorganization proceeding continues until the reorganization authority disposes of the matter before it, unless lost by:
>
> . . . .
> 2. Failure of the reorganization authority to take final action upon a proposed reorganization within the time prescribed therefor in this chapter.

By failing to take final action on Jensens' petition within sixty days from October 16, 1978, the Beloit district lost jurisdiction to act. The Beloit district's denial of the petition December 19 was of no effect, because that district had no jurisdiction to act on that date. The Beloit district's failure to act within sixty days does not constitute an "order" denying the proposed reorganization under sec. 117.01(1)(d)2, and does not invoke the thirty-day waiting period required by that section for commencement of another reorganization proceeding. We consequently conclude that CESA did not lack jurisdiction to entertain Jensens' petition by reason of sec. 117.01(1)(d)2.

■

The city argues that CESA lacked jurisdiction to act under sec. 117.02(1), Stats., because sec. 117.08, Stats. 1977, is the only method by which a parcel adjoining the boundaries of two districts may be detached from one and attached to the other. Section 117.08, Stats. 1977, applies to petitions by owners of individual parcels. Section 117.02(1) applies to petitions by electors re-

siding in the territory proposed to be detached. The Jensens are owners of and electors residing in the territory under consideration. They meet the statutory requirements of both sections.

The city argues that sec. 117.02, Stats., is not intended to apply to *individual* residential parcels. Section 117.02 petitions must be signed by ten percent of the electors residing in the territory to be detached, and a referendum by the electors may be held under sec. 117.02(4), Stats. 1977. Neither provision persuades us, however, that the legislature intended to prohibit resident electors who are owners from proceeding under sec. 117.02, where that section's requirements are met. Indeed, the provisions of sec. 117.01(1) giving pending proceedings the right-of-way, evince legislative intent that more than one reorganization authority may consider the same parcel of real estate.

We reject the city's contention that CESA and the board lack authority to detach solely for school purposes property which is located within a joint city school district. "School district" is a generic term which includes joint city school districts. Sec. 115.01(3), Stats. Under sec. 115.01(17) the definition of " 'School district affected' means the entire territory of *any* school district: (a) From which any territory is detached." (Emphasis added.) That section does not prohibit detachment of any territory from a joint city school district. Section 117.02(1)(a), Stats., requires the agency school committee to hold a conference with both of the school districts affected, before any order detaching territory is made. Again, the statute does not limit the power of an agency school committee to detach territory from a joint city school district, and does not narrow the broad definition of "school district affected" found in sec. 115.01(17). Finally, sec. 120.41(3), Stats., contem-

plates the end result caused by the CESA order. Section 120.41(3) provides:

Any territory of a city operating a city school district which lies within another school district shall not pay school tax within such city. The electors residing in territory which lies within the other school district shall continue to vote on school matters within such other school district and shall not vote on any matter relating to the city school district.

### 3. *Board Order Not Arbitrary Or Capricious*

The city argues that the board's order was based on irrelevant considerations of sympathy for the Jensen children's emotional problems rather than on the standards adopted by the board. The board announced that it would consider:

[Only] those facts and that evidence that affects the *educational welfare* of the children involved including the children of the territory to be transferred, the children in the territory remaining, and the children in the territory to which it is to be attached. . . . (Emphasis added.)

A decision by the board is arbitrary and capricious "when such action is unreasonable or does not have a rational basis" or "when it is the result of an '. . . unconsidered, wilful and irrational choice of conduct and not the result of the "winnowing and sifting" process.' " *Joint Sch. Dist. No. 2*, 83 Wis. 2d at 720, 266 N.W.2d at 378 (citation omitted).

The board's action in reviewing an agency school committee order:

is not a quasi-judicial review but an independent, legislatively delegated re-evaluation of the proposed reorganization. The board is not limited to considering facts within the record and it may also ". . . base its conclusion on matters within its knowledge and expertise in the field of educational policy. . . ." "The wisdom of

the [board's] decision in terms of policy is not a matter for judicial review." *Joint Sch. Dist. No. 2,* 83 Wis. 2d at 720, 266 N.W.2d at 378 (citations omitted).

The parties agree that the children's emotional problems were the major factor in the board's decision. Gary Jensen had two children whose mother died. He married a woman who had two children by her previous marriage. All of the children had always attended the Clinton schools. Letters by the children's teachers and physicians expressed their reservations about the effect on the children's health and educational adjustment of a change to the Beloit schools. The question is whether the emphasis on the children's emotional problems is consistent with the board's announced standard that it would look only to the "educational welfare" of the children.

The city bases its argument that the children's emotional welfare is irrelevant to their educational welfare on the premise that educational welfare relates to the delivery of educational services, rather than to a child's receptiveness to those services. That premise is a matter of educational philosophy, with which the board could, and apparently did, disagree. Education involves both teaching and learning. It is meaningless to deliver education to a child who cannot learn. The board could, and apparently did, assume that emotional stress, by affecting a child's capacity to learn, affects the child's educational welfare. That assumption provides a rational and reasonable basis for the board's decision.

The city argues that the board's decision was arbitrary and capricious because for all practical purposes it creates an island of Clinton district territory in the Beloit district territory. The parcel, when detached, is surrounded by the Beloit district, except at the intersection of the parcel's south line and the centerline of a road. The city would apply the "rule of reason" applicable to

municipal annexation proceedings to make irregularity of shape a relevant factor in determining whether a reorganization was arbitrary and capricious. *See, e.g., Mt. Pleasant v. Racine,* 24 Wis. 2d 41, 127 N.W.2d 757 (1964) ; *Town of Fond du Lac v. City of Fond du Lac,* 22 Wis. 2d 533, 126 N.W.2d 201 (1964).

The rule of reason has never been applied to school district reorganizations. If it were applied, however, it would be only one *factor* in determining whether a reorganization was arbitrary and capricious. The city has not demonstrated that the board's decision was arbitrary and capricious in any other way. Because sec. 120.41(3), Stats., contemplates the possibility that there may be city territory which is not a part of the city school district, alien district "islands" within a city district are not *ipso facto* arbitrary and capricious.

We conclude that the board's decision is not rendered arbitrary and capricious merely because it leaves an irregularity in the boundaries of the two districts.

*By the Court.*—Judgment affirmed.