SCHOOL DISTRICT OF WAUKESHA, Appellant-Respondent,

v.

SCHOOL DISTRICT BOUNDARY APPEAL BOARD,
Respondent-Appellant,

Jeffrey and Marilyn FRANK, Michael and Louise
Amundson, John E. and Patricia Brusky, Gabriel Ceci,
Edward J. and Anne Coates, Juan and Maria Diaz,
Thomas J. Guhl and Athlene Alexis, Champala and
Sharda Gupta, William and Jill Hrabik, William and
Lynn Hutson, Paul G. and Candyee Karlen, R. Jason
and Linda Klagstad, James and Robyn Krogman,
Stephen and Kim Lacki, Gaylord and Jennifer Louie,
Joseph and Jody K. Nolan, Glen M. and Mary Senger,
James R. and Yong Voigt, and Richard and Cynthia
Zeckmeister, affected residents of Weston Hills Sub-
division, Co-Appellants.

Court of Appeals

*No. 95–0905. Submitted on briefs February 5, 1996.—Decided
March 27, 1996.*

(Also reported in 548 N.W.2d 122.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney

general, and *Warren D. Weinstein*, assistant attorney general. On behalf of the co-appellants, the cause was submitted on the briefs of *Thomas E. Griggs* and *Michael B. Apfeld* of *Godfrey & Kahn, S.C.* of Milwaukee.

On behalf of the appellant-respondent, the cause was submitted on the brief of *Daniel G. Vliet* and *Michael Aldana* of *Davis & Kuelthau, S.C.* of Milwaukee.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J. The School District Boundary Appeal Board (SDBAB) and the residents of the Weston Hills subdivision (the residents) appeal from a trial court order reversing a decision of the SDBAB on the basis that the decision was arbitrary and capricious. Because the SDBAB decision was the result of a rational process, we conclude that the trial court's finding was the result of impermissibly expanding the scope of review. We therefore reverse the trial court and reinstate the decision of the SDBAB.

The Weston Hills subdivision lies entirely within the city of Brookfield. However, since 1962 it has been attached to the Waukesha School District (Waukesha). The residents filed a petition for reorganization with the school boards of Waukesha and the Elmbrook School District (Elmbrook). The petition sought to detach the property occupied by the subdivision from Waukesha and attach it to Elmbrook.[1]

The Waukesha School Board held a public hearing on the petition and one week later denied the detachment. The effect of this was to deny the proposed

---

[1] This appeal arises out of the fourth petition requesting detachment. The previous three petitions were denied.

reorganization because each affected school district must adopt a resolution ordering the detachment and attachment for the reorganization to take place. *See* § 117.12(3), STATS. Elmbrook subsequently passed an advisory resolution which indicated its willingness to accept the attachment of the Weston Hills subdivision.

The Waukesha School Board's denial was appealed by the residents to the SDBAB. The SDBAB received a written record and heard presentations from proponents and opponents of the petition. The SDBAB then ordered the property detached from Waukesha and attached to Elmbrook. Waukesha appealed this decision to the trial court. After finding that the decision of the SDBAB was arbitrary and capricious, the trial court reversed the SDBAB and ordered the property returned to Waukesha. This appeal followed.

School district reorganization is a legislative policy-making function, and as such has been delegated by the legislature to local boards. *Joint Sch. Dist. No. 1 v. State Appeal Bd.,* 56 Wis. 2d 790, 794, 203 N.W.2d 1, 4 (1973). The merits of a school district reorganization is a legislative determination and does not raise justiciable issues of fact or law. *Id.* The only issues to be considered are whether the reorganization authority acted within its jurisdiction and whether its determination was arbitrary or capricious.[2] *Id.* at 795, 203 N.W.2d at 4.

While case law suggests that the scope of review is well settled and narrowly defined, Waukesha maintains that the scope of this court's review powers has been expanded. The school district argues that the enactment of § 117.15, STATS., with its mandated con-

---

[2] Neither side contests the jurisdiction of the School District Boundary Appeal Board to act.

siderations, has specifically circumscribed the power and actions of the appeal board.[3] Therefore, Waukesha

[3] In 1990 the criteria for school district reorganization were expanded with the creation of § 117.15, STATS. *See* 1989 Wis. Acts 114, § 5 and 287, § 10. Section 117.15 includes the following criteria:

In making any decision . . . an appeal panel shall consider the following factors as they affect the educational welfare of all of the children residing in all of the affected school districts, and may consider other appropriate factors:

(1) The geographical and topographical characteristics of the affected school districts, including the estimated travel time to and from school for pupils in the school districts.

(2) The educational needs of all of the children residing in the affected school districts, the educational programs currently offered by each affected school district and the ability and commitment of each school district to meet those needs and continue to offer those educational programs.

(2m) If territory is proposed to be detached from one school district and attached to an adjoining school district, whether the proposed detachment will have any adverse effect on the program currently offered by the school district from which the territory is proposed to be detached, including both curricular and extra-curricular aspects of that program.

(3) The testimony of and written statements filed by the residents of the affected school districts.

(4) The estimated fiscal effect of the proposed reorganization on the affected school districts, including the effect of the apportionment of assets and liabilities.

(5) Whether the proposed reorganization will make any part of a school district's territory noncontiguous.

(6) The socioeconomic level and racial composition of the pupils who reside or will reside in territory proposed to be detached from one school district and attached to an adjoining school district or in school districts proposed to be consolidated or in a school district proposed to be dissolved; the proportion of the pupils who reside in such territory who are children at risk . . . and the effect that the pupils described in this paragraph will have on the present and future socioeconomic level and racial composition of the affected school districts and on the proportion of the affected school districts' enrollments that will be children at risk.

114

argues, this court's review is to "ensure that the 'winnowing and sifting' process of <u>all</u> of the criteria enumerated under § 117.15, Stats., actually occurred, in the manner described, and that a decision under this section was made in a non-arbitrary or capricious manner." Waukesha maintains that "[i]t is clear that in light of these statutory revisions, the discretion vested in appeals boards by the legislature has been limited, and the scope of judicial review has been expanded to that extent."

We disagree that the enactment of a statute which includes a "laundry list" of factors the SDBAB must consider expands the scope of judicial review. The state supreme court addressed this very argument after an earlier statutory revision of the school board's reorganization authority. *See Joint Sch. Dist. No. 1*, 56 Wis. 2d at 794, 203 N.W.2d at 3-4. There the court stated:

> Although the principal cases discussing the nature of [the function of a school board reorganization authority] antedate the present statute, we are satisfied that the current statute merely codifies previous legislative directives and in no way . . . affect[s] the nature of the legislature's grant of power to school board reorganization authorities. These cases make it clear that school district reorganization is a legislative policy-making function, which the legislature has delegated to local boards and to the state superintendent of public instruction.
>
> As a consequence of these holdings, we have concluded that the merits of a school district reorganization is a legislative determination of public policy questions which does not raise justiciable issues of fact or law. Since the issues are legislative

(7)    The results of any referendum held under s. 117.10.

> in nature, we have stated that even a delegation to this court by the legislature of the authority to make a full review would be contrary to the doctrine of separation of powers.
>
> . . . .
>
> Accordingly, on an appeal to the courts . . . the only issues to be considered are whether the reorganization authority acted within its jurisdiction and whether its order was arbitrary or capricious.

*Id.* at 794-95, 203 N.W.2d at 3-4 (citations omitted). Although this language predates the enactment of the current statutory authority for the reorganization of school districts, *see* § 117.15, STATS., we conclude that the addition of particular factors for the SDBAB to consider has not changed the standard of judicial review of that agency's actions.

On appeal, this court reviews the decision of the SDBAB, not that of the trial court. *See St. Paul Ramsey Med. Ctr. v. DHSS,* 186 Wis. 2d 37, 43, 519 N.W.2d 681, 683 (Ct. App. 1994). Because there is no dispute as to the jurisdiction of the SDBAB, we confine our review to the issue of whether the order of the SDBAB evinced arbitrary or capricious action. *See Joint Sch. Dist. No. 1,* 56 Wis. 2d at 797, 203 N.W.2d at 5. Such action occurs when the findings of the agency are unreasonable or without a rational basis. *Id.* An action is arbitrary if it is the result of an "unconsidered, wilful and irrational choice" and not the result of the "winnowing and sifting" process. *Id.* (quoted source omitted).

While the SDBAB is statutorily bound to consider all of the factors enumerated in § 117.15, STATS., the agency may, in its discretion, consider information

116

from other sources as well. *See Joint Sch. Dist. No. 2 v. State,* 71 Wis. 2d 276, 284, 237 N.W.2d 739, 743-44 (1976). It is proper for the SDBAB to consider "matters within its knowledge and expertise in the field of educational policy." *Joint Sch. Dist. No. 2 v. State Appeal Bd.,* 83 Wis. 2d 711, 720, 266 N.W.2d 374, 378 (1978) (quoted source omitted).

Prior to a hearing on the matter, the SDBAB was furnished with a written record prepared for the appeal which it reviewed. The panel heard presentations of relevant information concerning how the detachment of the disputed subdivision would affect the educational welfare of children enrolled in both the Waukesha and Elmbrook school districts. The panel also applied the required legal standards for reorganization, including the criteria outlined in § 117.15, STATS.

The panel was required to consider geographical characteristics of the affected school districts, "including the estimated travel time to and from school." Section 117.15(1), STATS. The panel determined that while travel time is similar, "the route to the Elmbrook school presents fewer hazards for children." Consideration is also required of the educational needs of all of the children residing in the affected school districts. Section 117.15(2). The panel determined that while the educational needs of the children could be met by either district, Waukesha's failure to follow through on plans for improvements to the Pleasant Hill School was a major factor.

The panel also considered the fiscal impact of detachment and whether it would have an adverse impact on school district programs, as well as any impact on each district's assets and liabilities. *See* § 117.15(2m), (4), STATS. The panel's findings were that

the "[f]inancial impact on both districts would be limited because both are of large size." The panel noted that the disputed property was contiguous with the Elmbrook School District. *See* § 117.15(5). The panel acknowledged that both oral and written testimony which it had received revealed an "emphasis on the educational needs of children rather than economics." *See* § 117.15(3). Finally, the panel stated that socioeconomic factors were not an issue. *See* § 117.15(6).

The record reveals that the panel carefully sifted all of the available information and applied the statutory criteria. Using its collective knowledge and expertise in the field of education, the SDBAB concluded that the detachment was warranted. We conclude that this determination was the result of a rational factfinding process.

In response, Waukesha submits that the process in § 117.15, Stats., is a comparative process and that the SDBAB must "consider evidence as it relates to each of the mandatory factors <u>for each of the school districts involved.</u>" Because no evidence was offered by the residents detailing any educational programs offered by Elmbrook and how those programs might better serve their children, Waukesha contends that the factfinding process was incomplete.[4]

---

[4] This is the basis upon which the trial court reversed the SDBAB. The trial court first stated, "[T]he decision of SDBAB is based upon rational considerations of appropriate factors, as well as rational consideration of the specified criteria under Sec. 117.15 Stats." However, the trial court went on to reverse the SDBAB's decision, holding that the residents' failure to submit evidence that Elmbrook could meet the criteria of § 117.15 was a crucial omission.

A determination by this court that evidence presented by one school district of its resources necessitates a similar presentation by the other school district would impinge on the SDBAB's legislative policy-making function and impermissibly expand this court's scope of review. *See Joint Sch. Dist. No. 1*, 56 Wis. 2d at 794, 203 N.W.2d at 3-4. The SDBAB review is not a judicial or quasi-judicial undertaking in which the panel is required to restrict its decision to the facts appearing of record. *See id.* at 795-96, 203 N.W.2d at 4. The wisdom of the SDBAB decision in terms of policy is not a matter for judicial review. *Joint Sch. Dist. No. 2*, 83 Wis. 2d at 720, 266 N.W.2d at 378.

The panel had information that the Elmbrook school superintendent had presented the school board with an analysis of Elmbrook's ability to accommodate the additional students and that the board had approved the proposed attachment. There was substantial evidence that the proposed reorganization would reduce the children's emotional stress, increase parental involvement in the schools and allow for integration of school, home and community activities. The residents expressed their belief that the Elmbrook schools would better serve their children's educational needs. Furthermore, there was no evidence presented that any child's education would be harmed by the detachment.

The SDBAB engaged in a rational process of winnowing and sifting the evidence in coming to a well-reasoned decision. We therefore reverse the trial court's finding that the decision was arbitrary and capricious.

*By the Court.*—Order reversed.