**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 27, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2022AP1810**

**STATE OF WISCONSIN**

Cir. Ct. No.  2021CV1002

**IN COURT OF APPEALS**
**DISTRICT IV**

---

TORIN MISKO AND AUTUMN MISKO,

  PLAINTIFFS-RESPONDENTS,

 V.

STATE OF WISCONSIN DEPARTMENT OF PUBLIC INSTRUCTION,

  DEFENDANT-APPELLANT,

WEST ALLIS - WEST MILWAUKEE SCHOOL DISTRICT,

  DEFENDANT.

---

APPEAL from an order of the circuit court for Waukesha County: MICHAEL P. MAXWELL, Judge. *Reversed.*

Before Blanchard, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The State of Wisconsin Department of Public Instruction ("the Department") appeals a circuit court order reversing a decision by the School District Boundary Appeal Board ("the Board").[1] The Board denied Torin and Autumn Misko's petition to detach their single parcel from the West Allis-West Milwaukee School District ("West Allis") and attach it to the New Berlin School District. The Department argues that the Board properly applied the statutory criteria and that the Board's decision has a rational basis. We agree and reverse the court's decision.

## BACKGROUND

¶2 The Miskos live in a single-family residence in the City of New Berlin, and their property is in the West Allis district. The properties surrounding the Miskos' property are also in the West Allis district. The Miskos' two children attend Hoover Elementary School in the West Allis district. In January 2021, the Miskos filed a petition for reorganization with the school boards of West Allis and New Berlin, seeking to detach their property from the West Allis district and attach it to the New Berlin district. The West Allis school board denied the petition, and the New Berlin school board approved it. This constituted a denial of the petition because both districts must approve the reorganization for the

---

[1] The School District Boundary Appeal Board has statewide jurisdiction and is attached to the State of Wisconsin Department of Public Instruction; it is comprised of members from various sized districts' school boards and the Department Secretary's designee. *See* WIS. STAT. § 15.375 (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Separately, we note that the Miskos proceeded pro se before the Board and the circuit court, as they now do on appeal.

reorganization to occur.  *See* WIS. STAT. § 117.12(3).  The Miskos appealed the denial by the West Allis school board to the Board.

¶3      At the Board hearing, the Miskos expressed several reasons for wanting to detach from the West Allis district and become part of the New Berlin district.  Their concerns included the fact that the West Allis district does not have "New Berlin" in the district name, the West Allis district's alleged undue delay in returning to in-person instruction amidst the COVID-19 pandemic, ratings from the Department showing that the West Allis district has an overall lower "report card" score than the New Berlin district, and that the Miskos' values are better aligned with those of the New Berlin district.  The Miskos conceded that they had approval for their children to attend the New Berlin district through an open enrollment program but argued that this was impractical because of a West Allis district policy that does not allow buses from outside districts to transport students within the West Allis district's borders.

¶4      In response, the West Allis district noted that other school districts that include parts of New Berlin within their boundaries also do not include the name "New Berlin" in their district names.  As to the West Allis district's COVID-19 policies, the West Allis district stated that it followed the guidance of the health department that covers the county in which a majority of the students live.  In terms of its "report card," the West Allis district stated that its score has been improving over the last few years.  Regarding the transportation issues associated with open enrollment, the district argued that the policy of restricting outside districts from picking up or dropping off students in another district is a "very common practice across the state."  The district further stated that the Miskos had not made a formal request to the district for an exception to the policy.

3

¶5     In addition, the West Allis district focused on the potential effects of allowing detachments such as the one requested by the Miskos. It asserted that there are 257 students similarly situated to the Miskos' children who live in New Berlin but who attend the schools in the West Allis district. Based on demographic data it provided to the Board, the West Allis district argued that if these other children also attended school in the New Berlin district, "the racial and economic balance" of the two districts could "shift significantly," with "whiter and wealthier students mov[ing] to a whiter and wealthier school district, [and] poorer students of color [being] more concentrated in a higher poverty school district." The district also argued that if the other similarly-situated students detached, there would be a significant increase in the mill rate[2] in the West Allis district, resulting in an annual increase in property taxes. Relatedly, the district argued that it cannot grow revenue through the expansion of territory, meaning that maintaining current boundaries is critical for its financial stability.

¶6     Further, the West Allis district noted that the Miskos' parcel is located in the "middle of a block" of other parcels in the West Allis district. It argued that detachment of the Miskos' "island" parcel would create boundary confusion for the Miskos' neighbors and for area realtors because the properties surrounding the Miskos' property would remain in the West Allis district. The district stated that it was not aware of a detachment, such as the one proposed by the Miskos, in which a single property was completely removed from the school district while surrounded by other properties within that school district. The district noted that all of the students who live in New Berlin and attend Hoover

---

[2] A mill rate is a tax rate for assessing the value of real property. *See mill rate*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Elementary School are bused to school, as the Miskos' children are. It argued that creating changes like the requested detachment would add more busing and traffic to the neighborhood. The district also took the position that additional, similar detachments would have the potential to force the closure of Hoover Elementary School and disrupt the West Allis district's long-range facility master planning process.

¶7 The Board affirmed the West Allis district's denial of the Miskos' petition. In reaching its decision, the Board considered the criteria under WIS. STAT. § 117.15,[3] which delineates eight, nonexclusive criteria that a school board

---

[3] WISCONSIN STAT. § 117.15 provides:

**117.15 Criteria for school district reorganizations.** In making any decision under [WIS. STAT. §§] 117.08 to 117.132, a school board, the board and an appeal panel shall consider the following factors as they affect the educational welfare of all of the children residing in all of the affected school districts, and may consider other appropriate factors:

**(1)** The geographical and topographical characteristics of the affected school districts, including the estimated travel time to and from school for pupils in the school districts.

**(2)** The educational needs of all of the children residing in the affected school districts, the educational programs currently offered by each affected school district and the ability and commitment of each school district to meet those needs and continue to offer those educational programs.

**(2m)** If territory is proposed to be detached from one school district and attached to an adjoining school district or proposed to be included in a new school district under [WIS. STAT. §] 117.105, whether the proposed detachment will have any adverse effect on the program currently offered by the school district from which the territory is proposed to be detached, including both curricular and extracurricular aspects of that program.

**(3)** The testimony of and written statements filed by the residents of the affected school districts.

(continued)

must consider in making school district reorganization decisions such as detachments. The Board concluded that three of the eight criteria are pertinent: § 117.15(4), (5), and (6).

¶8    Regarding WIS. STAT. § 117.15(4), the "estimated fiscal effect of the proposed reorganization on the affected school districts," the Board found that although there would not be an immediate financial effect from the Miskos' proposed detachment, "in the future the [West Allis] district could be adversely affected if the creation of one noncontiguous island encouraged other[] similar petitions."

¶9    The Board next considered WIS. STAT. § 117.15(5), "[w]hether the proposed reorganization will make any part of a school district's territory

---

(4)   The estimated fiscal effect of the proposed reorganization on the affected school districts, including the effect of the apportionment of assets and liabilities.

(5)   Whether the proposed reorganization will make any part of a school district's territory noncontiguous.

(6)   The socioeconomic level and racial composition of the pupils who reside or will reside in territory proposed to be detached from one school district and attached to an adjoining school district, in territory proposed to be included in a new school district under [WIS. STAT. §] 117.105 or in school districts proposed to be consolidated or in a school district proposed to be dissolved; the proportion of the pupils who reside in such territory who are children at risk, as defined under [WIS. STAT. §] 118.153(1)(a); and the effect that the pupils described in this paragraph will have on the present and future socioeconomic level and racial composition of the affected school districts and on the proportion of the affected school districts' enrollments that will be children at risk.

(7)   The results of any referendum held under [WIS. STAT. §] 117.10.

noncontiguous." *See* § 117.15(5). The Board found that the Miskos' proposed detachment would create a noncontiguous parcel in the affected district because it would be an "island of New Berlin territory surrounded by the West Allis-West Milwaukee school district."

¶10 The Board also discussed WIS. STAT. § 117.15(6), which requires the Board to consider

> [t]he socioeconomic level and racial composition of the pupils who reside or will reside in territory proposed to be detached from one school district and attached to an adjoining school district, in territory proposed to be included in a new school district under s. 117.105 or in school districts proposed to be consolidated or in a school district proposed to be dissolved; the proportion of the pupils who reside in such territory who are children at risk, as defined under s. 118.153(1)(a); and the effect that the pupils described in this paragraph will have on the present and future socioeconomic level and racial composition of the affected school districts and on the proportion of the affected school districts' enrollments that will be children at risk.

The Board found that although the Miskos' proposed detachment would not have an immediate effect, "in the future" the West Allis district "could be adversely affected if significant parts of the district in the city of New Berlin were to be detached, given the large differences in racial composition and socioeconomic level between the New Berlin and the West Allis-West Milwaukee parts of the West Allis … district."

¶11 The Miskos appealed the Board's decision to the circuit court, which reversed the Board. The Department appeals.

## DISCUSSION

### *I. Standard of Review and General Principles Governing Board Decisions*

¶12  On appeal, we review the decision of the Board, not the circuit court's decision. *School Dist. of Waukesha v. School Dist. Boundary Appeal Bd.*, 201 Wis. 2d 109, 116, 548 N.W.2d 122 (Ct. App. 1996).  Our review is limited to "whether the Board acted within its jurisdiction and whether its order was arbitrary and capricious." *Stockbridge School Dist. v. Department of Public Instruction School Dist. Boundary Appeal Bd.*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996).  Because there is no dispute regarding the Board's jurisdiction, the only issue for our review is whether the Board's order is arbitrary and capricious.  *See School Dist. of Waukesha*, 201 Wis. 2d at 116.  The Board's actions are arbitrary and capricious "when the findings of the agency are unreasonable or without a rational basis." *Id.*  "An action is arbitrary if it is the result of an 'unconsidered, wilful and irrational choice' and not the result of the "winnowing and sifting" process.'" *Id.* (quoted source omitted).  In applying the rational basis test, "rational speculation is enough." *Brown v. DCF*, 2012 WI App 61, ¶38, 341 Wis. 2d 449, 819 N.W.2d 827 (applying rational basis test in constitutional challenge to statute).

¶13  "School district reorganization is a legislative policy-making function, and as such has been delegated by the legislature to local boards." *School Dist. of Waukesha*, 201 Wis. 2d at 113.  The Board's review "is not a judicial or quasi-judicial undertaking in which the panel is required to restrict its decision to the facts appearing of record." *Id.* at 119.  Instead, the Board's action is "an independent, legislatively delegated re-evaluation of the proposed reorganization." *Joint Sch. Dist. No. 2 v. State Appeal Bd.*, 83 Wis. 2d 711, 720,

8

266 N.W.2d 374 (1978). The Board's decision addresses what is "best for the educational system involved," *id.* at 721, and its decision can be "a matter of educational philosophy," *City of Beloit v. State Appeal Board*, 103 Wis. 2d 661, 668, 309 N.W.2d 392 (Ct. App. 1981). Thus, "courts do not review the policy, wisdom or fairness of a particular reorganization decision, except to determine whether the Board's decision was arbitrary and capricious." *Stockbridge*, 202 Wis. 2d at 227.

¶14 The Miskos filed their petition under WIS. STAT. § 117.12, which provides for the "[d]etachment and attachment of a small territory initiated by the owner." Sec. 117.12. In making its decision to grant or deny the petition, the Board is required to consider the factors set forth in WIS. STAT. § 117.15 and is also permitted to consider any "other appropriate factors[.]" Sec. 117.15. The Board considers the factors "as they affect the educational welfare of all of the children residing in all of the affected school districts." Sec. 117.15. Although the Board "is statutorily bound to consider all of the factors enumerated in § 117.15, … the agency may, in its discretion, consider information from other sources as well." *School Dist. of Waukesha*, 201 Wis. 2d at 116. For example, "[i]t is proper for the [Board] to consider 'matters within its knowledge and expertise in the field of educational policy.'" *Id.* (quoting *Joint Sch. Dist. No. 2 v. State Appeal Bd.*, 83 Wis. 2d 711, 720, 266 N.W.2d 374 (1978)).

## II. Analysis

¶15 The Department argues that, applying the proper standard of review, the Board's decision must be affirmed because a rational basis supports it. The Department contends that the Board considered the required—but nonexclusive—factors in WIS. STAT. § 117.15 and that, consistent with that statute and pertinent

case law, it properly considered other appropriate factors as well. We agree and, for the reasons explained below, reject the Miskos' arguments to the contrary.

¶16    As noted, in reaching its decision, the Board considered each of the required criteria in WIS. STAT. § 117.15. The Board determined that only § 117.15(4), (5) and (6) were relevant to its determination. Neither party disputes the conclusion that these are the relevant criteria, nor does either party make additional arguments based on the other required statutory factors. The Board considered these factors as they relate to the Miskos' specific detachment request. Moreover, in discussing factors (4) and (6), the Board also considered these factors in relation to potential future detachments of similarly situated properties if the Miskos' detachment request were granted.

¶17    On appeal, the Miskos advance the same positions as those relied on by the circuit court in reversing the Board's decision. As to the Board's application of WIS. STAT. § 117.15(5), the factor addressing noncontiguous parcels, the Miskos argue that detachment of island parcels is permissible under *Stockbridge*, 202 Wis. 2d at 219, presumably suggesting that the Board's reliance on this factor was irrational. As to WIS. STAT. § 117.15(4) and (6), the Miskos argue that the Board may not consider the effects of any future detachments if the Miskos' petition were granted but instead may consider only the effects of the Miskos' specific detachment. As discussed below, these arguments are not persuasive.

A.    WISCONSIN STAT. § 117.15(5) and *Stockbridge*

¶18    As stated, WIS. STAT. § 117.15(5) requires the court to consider "[w]hether the proposed reorganization will make any part of a school district's territory noncontiguous." There is no dispute that the Miskos' proposed

reorganization would make the Miskos' parcel noncontiguous to the New Berlin district's territory. Thus, this factor unequivocally operates in the Department's favor.

¶19 The Miskos argue that *Stockbridge* allows their requested detachment, and suggests that the Board was therefore required to approve their petition. However, *Stockbridge* does not support this position.

¶20 *Stockbridge* involved a jurisdictional challenge. The Stockbridge School District challenged the Board's orders allowing for detachment of forty-one "island" parcels, arguing that the Board "lacked jurisdiction to order the detachment," in part, because "the parcels to be detached had no common boundary with the proposed school district of attachment." *Stockbridge*, 202 Wis. 2d at 218. Our supreme court rejected this position, concluding that WIS. STAT. § 117.12 "does not require that the detaching parcel border the school district of attachment," *Stockbridge*, 202 Wis. 2d at 223, and that the statute instead "allows for the detachment of such 'island' parcels," *id.* at 217. Notably, in affirming the Board's decision, the supreme court emphasized that it "has long held that school district reorganization represents the determination of policy questions of a legislative nature which the legislature has delegated to the Board." *Id.* at 227.

¶21 Thus, *Stockbridge* does not support the proposition that it would be irrational for the Board to deny such petitions based on the noncontiguity factor. Here, the Board determined that the Miskos' parcel would create a noncontiguous island of New Berlin district territory surrounded by the West Allis district. The Miskos' parcel is in the middle of a block of West Allis district parcels and there is no other single-parcel island detachment in the district. It is rational to avoid

structuring a district to resemble a checkerboard, which can break up neighborhoods, add busing, and create confusion. The Board considered this information along with the other factors under WIS. STAT. § 117.15 and made its decision to deny the Miskos' petition. Although the Board could have allowed detachment of an island parcel under ***Stockbridge***, the Board made a rational decision to deny the petition here based on this and other factors, because those factors "affect the educational welfare of all of the children residing in all of the affected school districts." *See* § 117.15.

### B. Future Consequences

¶22    The Miskos argue that the Board incorrectly applied WIS. STAT. § 117.15(4) and (6) because these provisions address only the effects of the Miskos' detachment and do not allow the Board to consider the effects of any future detachments if the Miskos' petition is granted. We reject this argument, concluding that the Board may properly consider such future consequences.

¶23    As noted, the Board concluded that, although granting the Miskos' petition would not have an immediate financial effect, the West Allis district could experience adverse fiscal effects if the Miskos' detachment encouraged other similar detachments. The Board also concluded that, although granting the Miskos' petition would not make a significant difference in the racial and socioeconomic composition of students in the two districts, the West Allis district could be adversely affected if significant numbers of parcels in the district located in the city of New Berlin also detached, given the "large differences in racial composition and socioeconomic level between the New Berlin and West Allis-West Milwaukee parts" of the West Allis district.

¶24   The Board is permitted to consider these potential consequences as "other appropriate factors" in addition to the specific factors listed in WIS. STAT. § 117.15. *See* § 117.15. Moreover, the Board properly considered these potential consequences because it is not required to "restrict its decision to the facts appearing of record" and may "consider 'matters within its knowledge and expertise in the field of educational policy'" in arriving at its decision. *School Dist. of Waukesha*, 201 Wis. 2d at 116, 119. The Board's denial of the petition based on its consideration of these potential consequences, together with other required and appropriate factors, has a rational basis. For reasons explained below, we are not persuaded by the Miskos' positions to the contrary.

¶25   The Miskos argue that the Board does not specify that its decision is based on any other factors, nor does the Board identify other factors that it considered in reaching its decision. After discussing the delineated statutory factors in WIS. STAT. § 117.15, the Board states in its decision that it "did not identify any other factors for the record."

¶26   On judicial review, the burden is on the petitioner "to establish that a claimed procedural error is prejudicial." *See RURAL v. PSC*, 2000 WI 129, ¶48, 239 Wis. 2d 660, 619 N.W.2d 888. We conclude that even if the Board erred in stating that it did not consider "other factors" when it in fact did so, the Miskos have not met their burden of showing that any such procedural error was prejudicial. There is no dispute that, in addition to discussing the effects under WIS. STAT. § 117.15(4) and (6) if the Miskos' specific petition were granted, the Board also considered the potential future effects if, following the Miskos' detachment, other similarly situated residents followed suit. Therefore, to the extent that potential future detachments and consequences are not encompassed by the specific statutory language of § 117.15(4) and (6), this information properly

constitutes "other" information not included in these provisions. *See School Dist. of Waukesha*, 201 Wis. 2d at 116. That the Board considered these potential consequences through the lens of § 117.15(4) and (6), rather than through specific reference to "other appropriate factors" in § 117.15 or "other information" in the case law that allows for their consideration, does not mean that the Board's consideration of this information is arbitrary or capricious. The Board's decision provides the Miskos with all of the underlying reasons, including the potential future consequences, for its decision and the Miskos fail to show that any error in its labeling or characterization of this information prejudiced them. This is especially true given that "[t]he board is not required to make formalized findings of fact." *Joint Sch. Dist. No. 2*, 83 Wis. 2d at 720.

¶27 The Miskos also argue that, "[s]ince being able to tell the future is impossible," the Board's discussion of the potential consequences of granting their petition is not rational. As explained above, the Board based its decision on the information presented at the hearing, including the data on the current demographics of the districts and the implications for those demographics of granting the Miskos' petition, as well as data regarding the fiscal implications of granting the petition. It is rational for the Board to consider its best understanding of the potential future effect on the current racial and economic composition of the districts, as well as the potential fiscal effect. And the Miskos have failed to show that it is arbitrary or capricious for the Board to consider these potential future impacts given that: school district reorganization is a legislative policy-making function that has been delegated to the Board, *School District of Waukesha*, 201 Wis. 2d at 113; the Board may consider facts outside the record, *id.* at 119, and base its decision on what is "best for the educational system involved," *Joint*

*School District No. 2*, 83 Wis. 2d at 721; and a "rational basis" may be based on "rational speculation," *Brown*, 341 Wis. 2d 449, ¶38.

¶28 In sum, we conclude that the Board's decision reflects a "sifting and winnowing process" and that a rational basis supports the Board's conclusion. *See School Dist. of Waukesha*, 201 Wis. 2d at 116. Accordingly, we reverse the circuit court's order and reinstate the Board's decision.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.